LIFE ASSOCIATION *v.* WINN.

(*Nashville.* February 14, 1896.)

EVIDENCE. *Admissions of insured competent against beneficiary in life policy.*

Admissions of insured that he had forfeited a policy taken out for another's benefit, are competent for defendant, in a suit by the beneficiary upon the policy, where the insured never surrendered control of the policy and under its terms possessed a power of revocation and substitution of new beneficiary.

Cases cited and approved: Insurance Co. *v.* Booker, 9 Heis., 606; Insurance Co. *v.* Morris, 3 Lea, 102; Gosling *v.* Caldwell, 1 Lea, 454; Catholic Knights *v.* Kuhn, 91 Tenn., 214; Tennessee Lodge *v.* Ladd, 5 Lea, 720; 126 Ill., 387; 110 Ind., 189; 41 Fed. Rep., 1; 106 Ind., 593; 70 Mich., 587; 70 Tex., 247; 86 Ky., 136.

FROM DAVIDSON.

Appeal in error from Second Circuit Court of Davidson County. CLAUDE WALLER, J.

CHAMPION, HEAD & BROWN for Life Association.

W. D. COVINGTON, A. S. COLYAR, and JOSEPH G. BRANCH for Winn.

BEARD, J. The plaintiff in error, a mutual life insurance company, located in Philadelphia, on December 28, 1891, issued to Dr. Charles W. Winn

a policy on his life for $5,000, payable at his death to his wife, the defendant in error. In January, 1893, the assured died. The company, treating this as a lapsed or forfeited policy, declined to make payment on it to the beneficiary, and thereupon this suit was brought. The trial resulted in a verdict against the defendant below. From the judgment on this verdict an appeal has been prayed to this Court. A number of errors are assigned, only one of which will be noticed in this opinion; the others will be disposed of orally.

It is a conceded fact that Dr. Winn never paid any part of the quarterly premiums due on this policy, and it is true that, by its terms, this nonpayment worked, *ipso facto*, a forfeiture of all rights thereunder. On the trial of the cause, however, it was contended by the defendant in error that, by an agreement made by Dr. Winn with an agent of the company at the time the policy was taken out, and subsequently ratified by another agent authorized to speak for and bind the company, forfeiture was saved, notwithstanding this nonpayment, and that the assured, relying on this agreement, regarded the policy as in operation at the time of his death. Plaintiff in error insisted, on the contrary, that no such agreement had been made, or, if made, that it was not binding on the company, and that this was well understood by the assured, who, with full knowledge of the facts, permitted his policy to become lapsed or forfeited for nonpayment of pre-

15—12 P

miums, and thereafter did not set up claim that it was in force. Plaintiff in error offered testimony of conversations had by witnesses with Dr. Winn, after the issuance of the policy and subsequent to the date of the forfeiture, as insisted upon by the company, tending to sustain this contention, which was, on objection of the defendant in error, excluded from the jury. This action of the Court is assigned for error.

In an ordinary life policy, where the beneficiary is some other than the assured, and no control over the policy is reserved to him by its terms, then the law is that the interest of the beneficiary vests at the time the contract of insurance is complete, and cannot be affected by subsequent acts or declarations of the assured. It is therefore held that testimony tending to show such acts or declarations is incompetent in any litigation between the beneficiary and the company. *Insurance Co.* v. *Booker*, 9 Heis., 606; *Insurance Co.* v. *Morris*, 3 Lea, 102; *Gosling* v. *Caldwell*, 1 Lea, 454.

But the policy sued on in this action is not one that upon its issuance passed beyond the control of the assured. On the contrary, the first of the conditions, which are set out on the back of the policy, and by its terms made part thereof, is as follows: "The member or insured may, upon the approval of the president, change the beneficiary herein named by surrendering this policy and designating another beneficiary having a lawfully insurable interest in the

life of the insured; in which event, the within named beneficiary shall have no claim upon, or be entitled to receive, anything whatever from the association.'' Under such a policy, the beneficiary acquires no vested interest until the death of the assured occurs. Until this event takes place, owing to the right of revocation, which is, by the condition, reserved to the assured, the beneficiary has a mere expectancy, depending upon the will and act of the assured. *Martin* v. *Stebbins*, 126 Ill., 387; *Mason Mutual Benefit Association* v. *Burkhart*, 110 Ind., 189; *Supreme Conclave* v. *Cappella*, 41 Fed. Rep., 1; 1 Bacon on Ben. Soc., Sec. 306; *Proly Mutual Association Fund* v. *Allen*, 106 Ind., 593; *Mutual Association* v. *Montgomery*, 70 Mich., 587. And this expectancy does not rise to the dignity of a property right. *Byrne* v. *Casey*, 70 Tex., 247; *Manning* v. *A. O. U. W.*, 86 Ky., 136; *Mason Mutual Benefit Association* v. *Burkhart, supra.*

As is said by the Court of last resort in New York: '' Where the right of the payee has no other foundation than the bare intent of the assured, revocable at any moment, there can be no vested interest in the named beneficiary any more than in the legatee of a will before it takes effect.'' In such a case, '' the designation '' of the beneficiary '' is in the nature of an inchoate or unexecuted gift, revocable at any moment by the donor, and remaining wholly under his control.'' *Smith* v. *N. B. Society*, 123 N. Y., 85 .

Mr. May, in his work on Insurance, Vol. II., Sec. 399*m*, adopts this view, and this Court has already distinctly recognized it as sound in *Catholic Knights* v. *Kuhn*, 91 Tenn., 214, following in this the intimations in the earlier case of *Tennessee Lodge* v. *Ladd*, 5 Lea, 720. The assured in such policy being the real party in interest, it follows that "no harm can possibly result from giving full effect to his admissions. He may be supposed to best know the extent of his own rights, and to be least of all disposed to concede away that which actually belonged to him." Greenleaf on Evidence, Sec. 171.

In the case at bar, not only was the assured the one interested in, but he had actual control of, the policy, never having delivered it to his wife, and, under well-settled rules, his subsequent declarations against his interest were competent testimony, and plaintiff in error had the right to put them in evidence. *Thomas* v. *Grand Lodge ( Washington)*, Pac. Rep., Vol. XLI., No. 8.

For the trial Judge's refusal to permit this, the case is reversed and remanded.