### F. M. MULLEN v. MUTUAL LIFE INSURANCE COMPANY.

#### Application No. 856.—Decided February 25, 1896.

**1. Effect of Laws of State Creating Corporation on Its Contracts.**

When a contract with an insurance company by its terms makes the charter of the company and the laws of the State of its creation regulating its conduct a part of the contract, the construction given to those laws by the courts of that State will also be accepted in determining the effect of the contract. (P. 261.)

**2. Insurance—Forfeiture—Pleading.**

Plaintiff in a suit upon a life insurance policy, while alleging that all premiums had been paid, pleaded also a provision of the contract requiring notice by the company before forfeiture for non-payment of premiums, to which defendant answered by a general denial, a special denial that the policy was in force at the time of the death, and a special denial that the premiums had been paid. Held, that the special denials had no other effect than a general denial and did not with the aid of the petition amount to a plea of forfeiture for non-payment; and since such forfeiture was a defense which must be specially pleaded, it was error to admit evidence that the notices required by the policy had been given. (Pp. 261, 262.)

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

The suit was brought by Mullen against the insurance company to recover, on the death of his wife, upon an insurance policy for $2000 upon their joint lives. Defendant had judgment in the trial court, which was affirmed by the Court of Civil Appeals on appeal.

Chief Justice Gaines and Justice Brown being disqualified, the Governor appointed Hon. A. H. Willie Special Chief Justice and Hon C. C. Potter Special Associate Justice, who, with Justice Denman, constituted the court.

*Jno. A. Green,* for plaintiff in error.—The answer of defendant was nothing more than a general denial—for the denial of particular allegations in plaintiff's pleadings in ipsis verbis raised no issue and added nothing to the general denial. James v. McPhee, 13 Pac. Rep., 535; Dillon v. Spokane Co., 17 Pac. Rep., 889.; Kay v. Whittaker, 44 N. Y., 565; Bradbury v. Cronise, 46 Cal., 287; DeGodey v. Godey, 39 Cal., 157; Fuhn v. Weber, 38 Cal., 636; Landers v. Bolton, 26 Cal., 416; Higgins v. Wartell, 18 Cal., 331; Caulfield v. Sanders, 17 Cal. 569; Gannon v. Dyke, 5 Pac. Rep., 845; Rock Springs Coal Co. v. Salt Lake Sanitarium

Association, 25 Pac. Rep., 742; Robbins v. Lincoln, 12 Wis., 1; Miller v. Brunbaugh, 7 Kan., 343; 1 Am. & Eng. Encycl. Pl. & Prac., 796-799.

Matter in confession and avoidance should be pleaded by defendant, . or no rights in such regard can accrue to the party failing so to plead it, therefrom.   Mims v. Mitchell, 1 Texas, 447; Love v. McIntyre, 3 Texas, 12; Smith v. Sherwood, 2 Texas, 462; Railway v. Henry & Dilley, 65 Texas, 688-689; Guess v. Lubbock, 5 Texas, 538; Willis & Bro. v. Hudson, 63 Texas, 681-682; Altgelt v. Emilienburg, 64 Texas, 150

*Houston Bros.*, for defendant in error, in argument cited and discussed the following authorities, as applied to this case, in support of the judgment: Railway v. Mechler, 30 S. W. Rep., 899; Mullen v. Ins. Co., 32 S. W. Rep., 911; Mims v. Mitchell, 1 Texas, 443; Phinney v. Ins. Co., 67 Fed. Rep., 493; Griffin v. Chubb, 7 Texas, 612; Willis & Bro. v. Hudson, 63 Texas, 681; Tisdale v. Mitchell, 12 Texas, 70; Texas Trans. Co. v. Hyatt, 54 Texas, 215; Porter v. Miller, 7 Texas, 473; Pridgin v. Strickland, 8 Texas, 434; Altgelt v. Emilienberg, 64 Texas, 150; Queen Ins. Co. v. Jefferson Ice Co., 64 Texas, 578; Thwing v. Ins. Co., 111 Mass., 93; Heebner v. Ins. Co., 10 Gray, 131; Fletcher v. Ins. Co., 13 Fed Rep., 528; Cox v. U. S., 6 Pet., 202; Hoffman v. Cleburne B. & L. Assn., 2 Texas Civ. App., 688; Railway v. McMahon, 6 Texas Civ. App. 602; Wood on Fire Ins., sec. 93.

C. C. POTTER, SPECIAL ASSOCIATE JUSTICE.—The plaintiff in error filed his petition in the District Court alleging that himself and his wife, Maud J. Mullen, at the same time made application to the defendant for a policy of $2000, upon the ordinary life joint plan twenty years distribution.  He alleged that the applications were made on blanks furnished by the defendant and were signed by himself and wife; that both applications contained this provision: "This application is made to the Mutual Life Insurance Company of New York subject to the charter of the company and the laws of New York."  That on the 4th day of January, 1893, the defendant issued to plaintiff and his wife a joint life twenty-year distribution policy for the sum of $2000; in which policy the defendant agreed to pay $2000 to the plaintiff or his wife, whichever one should survive the other; said payment to be made upon the death of one or the other of them.  Plaintiff also alleged, among other things, that his said wife, Maud J. Mullen, died on the 24th of December, 1894, during the continuance of said policy; also that plaintiff and his wife, Maud J. Mullen, had entirely and fully complied with the terms of their agreement in making the payments of the premiums upon the said policy to the defendant.  Plaintiff also alleged that the said policy was governed by the following provision of the laws of New York, Chapter 341, an act regulating the forfeiture of life insurance policies, passed May 15, 1876, to-wit: "No life insurance company doing business in the State of New York shall have power to declare forfeited or lapsed any policy hereinafter issued or renewed, by reason of non-payment of any annual premium or

interest or any portion thereof, unless a notice in writing, stating the amount of said annual payment or interest due and when due on such policy, and the place where said interest should be paid, shall be duly addressed and mailed by the company issuing such policy, to the insured, postage paid, at his or her last known post-office address, not less than thirty nor more than sixty days before each payment becomes due, according to the terms of such policy."

The defendant filed first a general denial and then specially denied that Maud J. Mullen died during the continuance of the policy, and specially denied that said policy was in force at the time of her death, and specially denied that the policy was in force on the 12th day of December, 1894, and specially denied that plaintiff and his wife, Maud J. Mullen, have complied with the terms of their agreement in making the payment of the premiums due on said policy.

It was shown on the trial that the plaintiff had made the first two payments of premiums due on this policy, but that he had defaulted entirely as to two premiums before the death of his wife.

It was also shown upon the trial that the provision of law incorporated in the contract of insurance was a valid law of the State of New York at the time the policy was issued.

Under this state of pleading the defendant in error was permitted, over the objections of plaintiff in error, to introduce upon the trial of the cause evidence showing that the defendant had sent to the plaintiff in error and his wife Maud J. Mullen the notices mentioned and provided in the New York statute above referred to.

The defendant had judgment in the trial court and on appeal the same was affirmed by the Court of Civil Appeals. The Court of Civil Appeals held that the special denials filed by the defendant aided by the petition of the plaintiff were equivalent to an allegation that the policy had been forfeited. The court also held that the allegations in plaintiff's petition to the effect that Maud J. Mullen died during the continuation of the policy and that they had entirely complied with their contract in making payments of the premiums upon the policy to the defendant, relieved defendant from the necessity of filing an answer setting up in detail the forfeiture of the policy. The ruling of the District Court and of the Court of Civil Appeals on the admission of this evidence under this state of pleading is the main question presented to us for decision.

We think the provisions of the New York statute, under the facts shown in this case, entered into and became a part of the contract between the parties. (Finney v. Mut. Life Ins. Co., 67 Fed. Rep., 494.) We concede that a plaintiff, by making allegations in his petition which are unnecessary, may relieve the defendant of the necessity of either pleading or proving purely defensive matter; but whether the plaintiff in error has done so, depends to a large extent, we think, upon the construction to be given to the New York statute incorporated in the contract. In construing this statute, the courts of New York have held that no forfeiture of a life insurance policy can occur unless the notice provided for in the

statute has been given, and that the burden of showing such notice is on the insurance company, and that the insured is not considered in default of payment until at least thirty days after such notice is given, and although the insured may in fact have failed to make any number of payments, he cannot be regarded, in the light of the statute, in default or as having failed to meet his obligation until thirty days after such notice is given. (Baxter v. B. L. I. Co., 119 N. Y., 454; same case, 44 Hun., 184.) Viewed in the light of this construction, which this court must accept, it would seem that the plaintiff in error only alleged in his petition what was legally true and only what was necessary to show a right to recover. While it is true that he failed to pay two of the matured premiums before his wife's death, yet in the absence of notice such failure had no effect upon his legal rights in the premises, and did not constitute a breach of his obligation to pay premiums. It also follows that the allegation that Maud J. Mullen died during the continuance of the policy was legally and literally true in the absence of the notice provided in the New York statute. If we have taken a correct view of the plaintiff's pleading, as he did not allege anything with reference to notice, he did not thereby relieve the defendant of the necessity of pleading and proving the defense of forfeiture. The next question is, Do the denials of the defendant, general and special, unaided by the plaintiff's petition, furnish a sufficient basis in legal pleading to permit the introduction of proof of forfeiture? In a case like this, the general denial puts in issue every traversable fact alleged in the petition. (Altgeld v. Emilienburg, 64 Texas, 150.) And we do not think a special denial could add any strength to it or serve any useful office. The forfeiture of a policy being an affirmative matter, and a defense resting peculiarly within the knowledge of the defendant and one that it could either waive or insist upon at its pleasure, we think that it should have been required to specially plead the forfeiture before introducing proof of the same. We are aware of the liberal rules of pleading which prevail in this State, but we think no precedent can be found which would justify the introduction of evidence of the forfeiture of a life insurance policy under a general denial. As a rule, forfeitures are not favored by the law. (Insurance Co. v. Norton, 96 U. S., 234.) And we do not feel inclined to extend an already very liberal rule to favor a forfeiture. For these reasons we think it was error to admit the evidence that notice had been sent to the insured under the state of pleading.

It is also urged that the court erred in not permitting the plaintiff to explain why he used certain language in a letter written to the defendant's agent. We can see no impropriety in permitting the evidence to be introduced, but the exclusion of it, when considered in connection with the explanation offered, seems to us to be of no serious consequence and would not justify a reversal of the case. The question raised by plaintiff in error in regard to notice to the insured is, we believe, one of first impression in this court, and as it may yet become of considerable importance in the State, we prefer to let the regular court declare the

policy to be adopted with reference to it; besides its decision is not necessary to a disposition of the case at this time.

For the error above mentioned, the judgments of the Court of Civil Appeals and of the District Court are reversed and the cause is remanded.

*Reversed and remanded.*