CATHERINE CALLIES, Respondent, v. MODERN WOODMEN OF AMERICA, Appellant.

Kansas City Court of Appeals, March 2, 1903.

1. Benefit Societies: EVIDENCE: WARRANTIES: DECLARATIONS. In his application for membership an insured stated he had never been intoxicated nor had a hemorrhage. *Held*, on a trial by the beneficiary to collect the policy his subsequent declarations to the contrary were admissible since the deceased was the opposite party to the contract, and the case is distinguishable from ordinary life insurance.

2. ———: WARRANTY: WAIVER: TRIAL. On complaint against the deceased for habitual use of strong drinks and intoxication there was a trial in his local lodge, and though the charge was sustained, action was deferred until he should be released from the asylum. *Held*, while this constituted a waiver of forfeiture of membership for the use of intoxicants after the issue of the policy, it did not waive the falsehood of the warranty in the application that he had never been drunk, since a waiver presupposes knowledge of the thing to be waived.

3. ———: ———: ———: BLANK PROOFS. That the society furnished blank proofs of loss to the beneficiary, who went to the trouble and expense of making them, will not constitute in itself a waiver where there was no knowledge that there had been a misrepresentation as to the warranties in the application.

4. ———: ———: ANSWER: FORFEITURE. Inquiries were made of an applicant about the age and health of his brothers, and the answer was "two," giving ages and health good and was silent as to whether there were any brothers dead, and the applicant was accepted. *Held*, since the law endeavors to avoid a forfeiture that there was no warranty that there were no brothers dead.

5. ———: ———: ———: CONCEALMENT. Where an applicant is required to give full answers to questions as to family history complete and literally true, and he fails to state in his answer relating to his brothers that one was dead, the answer is not fair and candid and is a fraudulent concealment and tantamount to a fraudulent misrepresentation.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan*, Judge.

REVERSED AND REMANDED.

*Jas. T. Montgomery* and *J. G. Johnson* for appellant.

(1)   The local camp at Nevada had no power, by either acts or omissions, to waive contract provisions between Callies and the head camp.   McMahon v. Maccabees, 151 Mo. 522; Borgraffe v. K. & L. of H. 22 Mo. App. 141; Harvey v. Gd. Lodge, 50 Mo. App. 477; Sup. Ldge. v. Keener, 25 S. W. 1085; Field v. K. & L. of Sec., 89 N. W. 6; Nor. Ass'n v. Gd. View B. Ass'n, 22 Sup. Ct. Rep. 153; U. S. L. I. Co. v. Smith, 92 Fed. 503. (2)   "The law of agency is the same, whether it be applied to the act of an agent undertaking to continue a policy of insurance, or to any other act for which his principal is sought to be held responsible."   Ins. Co. v. Wolff, 95 U. S. 326.   (3) Proofs of death are competent evidence of the facts certified to therein.   Mut. Ben. L. Ass'n v. Newton, 22 Wal. 32; Modern Woodmen of Am. v. Von Wald, 49 Pac. 782; Cannon v. Ins. Co., 35 S. E. 775; Spencer v. Cit. Ins. Co., 37 N. E. 618; Walther v. Ins. Co., 4 Pac. 413 (Cal.) ; 2 Niblack on Ben. Socs., sec. 326.   (4)   "If either one of the defenses set up by defendant was a good defense to plaintiff's action, and was sustained by the evidence, which was all one way, and with respect to which there was no conflict," this was a proper case for a peremptory instruction for defendant.   Bank v. Bank, 151 Mo. 320; Schierbaum v. Schemme, 157 Mo. 1; May v. Crawford, 150 Mo. 504. (5)   Admission of members are competent evidence to bind beneficiary.   Niblack Ben. Socs., secs. 212, 325; Thomas v. Grand Lodge, 12 Wash. 500; Society v. Burkhart, 110 Ind. 189; 3 Am. and Eng. Ency. (new Ed.), 990.

*Barnett & Barnett* for respondents.

(1)   The defense of drunkenness was waived. The local camp had full authority to waive the misconduct of its member in this respect, because such power to waive is expressly given by the head camp to the local camp when it authorized the local camp to try him, discipline him and expel him for such conduct.   Lewis v. Ass'n, 77 Mo. App. 586; Frame v. Woodmen, 67 Mo. App. 127; Smith v. Knight, 36 Mo. App. 190; Forresters v. Schweitzer, 171 Ill. 325.   (This case holds that the subordinate lodge is the agent of the supreme lodge.)   2 Bacon's Benefit Societies, sec. 431; Hoffman v. Supreme Council, 35 Fed. 252; McDonald v. Supreme Council, 35 Cal. 49; Walsh v. Ins. Co., 40 Iowa 133; Ass'n v. Black, 77 Ind. 203; Erdman v. Order, 44 Wis. 376; Whitney v. Ass'n, 59 N. W. 943; Sup. Council v. Boyle, 37 N. C. 1105.   (2) But if the local camp could not waive a forfeiture based upon the excessive use of intoxicating liquors, yet the head camp in this case has waived it, because it received full notice through the report of its physicians of the facts in this case and especially that the deceased had used intoxicating liquors to excess, and, notwithstanding this knowledge, it failed to declare a forfeiture, and recognized the continued validity of the policy by sending blank proofs of loss and demanding that they be executed by the beneficiaries, which proofs were by the beneficiaries completed, executed and delivered at both trouble and expense to them.   2 Bacon's Benefit Societies and Life Ins., sec. 435; Supreme Tent v. Valkert, 57 S. E. 203; 16 Am. and Eng. Ency. Law (2 Ed.), pages 938 and 941, and authorities there cited; McCollum v. Ins. Co., 61 Mo. App. 352; Shafer v. Ins. Co., 53 Wis. 361; Cannon v. Ins. Co., 53 Wis. 585; Guaranty Fund Soc. v. Wilson, 91 Ill. App. 667; 2 Wood on Ins. (2 Ed.), notes on pages 1155 and 1156.   (3) And this waiver applies to all forfeitures or defenses based upon the use of intoxicating liquors.   Nixon v. Insurance Co., 69 Mo. App. 351.   (4) There was no proof that the insured

had ever had a hemorrhage. The defendant offered to prove that deceased had admitted a hemorrhage, which said evidence was excluded, and properly so, because beneficiaries are not bound by the statements of the member as to alleged forfeitures. They do not derive their cause of action from or through him as he never had or could have this cause of action. The beneficiaries are suing in their own right for a provision made in their favor in the policy, and the declarations of the member as to acts which might constitute a forfeiture are not admissible as against the plaintiffs in this case. Supreme Lodge v. Schmidt, 98 Ind. 374; Lazkensky v. Knights of Honor, 31 Fed. 592; Knights of Honor v. Wollschlager, 44 Pac. (Col.) 598; Terwilliger v. Royal Arcanum, 29 Hun 305; Aid Society v. Hill, 49 N. E. 297; Yore v. Booth, 110 Cal. 238; Goodwin v. Loan Ass'n, 25 Ins. Law Journal 401; Hale v. Indemnity Co., 68 N. W. 182; Rawles v. Ins. Co., 27 N. Y. 282; Fitch v. Ins. Co., 59 N. Y. 557; Ins. Co. v. Applegate, 7 Ohio St. 293; Ins. Co. v. Cheever, 36 Ohio St. 201; Dial v. Life Ass'n, 29 S. Car. 560; Ins. Co. v. Boker, 9 Heisk. (Tenn.) 606; Ins. Co. v. Morris, 3 Lea (Tenn.) 101; Life Ass'n v. Teewalt, 79 Va. 421; Niblack Accident Ins. and Ben. Soc., 627 to 630; Schwarzback v. Union, 29 W. Va. 662; Mulliner v. Ins. Co., 1 Thomp. & C. (N. Y.) 448; 4 Bigelow Life and Accident Ins. report, 267. (5) There is no forfeiture by reason of the applicant failing to disclose that he had a dead brother. He was not asked that question and there was nothing to call for an answer as to whether any of his brothers were dead or not, and had there been a question calling for such an answer no such answer is given. The question is neither asked nor answered. 167 Am. and Eng. Ency. of Law (2 Ed.), 937d and authorities there cited; Ins. Co. v. Carson, 44 N. J. L. 210; 1 Wood on Ins. (2 Ed.), 406-7-8-9; Ins. Co. v. Radeen, 120 U. S. 183. (6) The law does not favor forfeitures, and this doctrine is applicable to beneficiary societies like this as well as

to ordinary insurance companies. Connelly v. The Shamrock Co., 43 Mo. App. 283; McFarland v. Accident Ass'n, 124 Mo. 204; Miner v. Mut. Ben., 63 Mich. 338; Erdman v. Order of Herman's Sons, 44 Wis. 376; Modern Woodmen v. Jameson, 48 Kan. 718.

ELLISON, J.—The defendant is a fraternal benefit society and Albert L. Callies became a member thereof and took out a benefit certificate insuring his life in the sum of $2,000, of which sum $1,000 was to be paid to his mother and $500 to each of two sisters. Callies died about the 27th of May, 1901, at the Asylum in Nevada, Missouri. Each of the beneficiaries brought suit for the sums named payable to them. These suits were consolidated and tried as one. At the close of the trial the court gave a peremptory instruction for plaintiff.

The deceased at time of his application did not use intoxicating liquors and he stated in his application that he had never been intoxicated. He also stated that he had never had a hemorrhage. The certificate provided that he should not become intemperate by the use of intoxicating drink and that if he did, it became void. There was evidence offered by defendant and excluded by the court that deceased had stated after the certificate had been issued, that he had been intoxicated and that he had had hemorrhages before its issuance. The evidence tended to show that deceased died of consumption while in a protracted state of intoxication. The evidence further tended to show that a short time before his death deceased was complained of before the local lodge for violating the rules and laws of the order and the terms of his certificate by habitually using strong drink and frequently becoming intoxicated. That he was cited for trial of the charge and while it was shown to be true, no sentence of suspension or expulsion was passed. On the contrary, all action thereon was laid over and deferred until he should be released from the asylum.

The theory upon which the trial court sustained plaintiff's objections to the deceased's declarations as to his having been intoxicated and having had hemorrhages, was that such declarations could not bind these plaintiffs as beneficiaries. We think the theory unsound and that error was committed. The weight of authority, as regards ordinary life insurance, is that the declarations of the party insured are not evidence against the person for whom the insurance is taken, and the rule is so stated in a remark in the course of a decision by the Supreme Court of this State. Reid v. Ins. Co., 58 Mo. 425. But as to fraternal benefit insurance where the beneficiary is named by the insured and whom he may change at any time before death, a well-founded distinction exists, for there is no vested interest in the beneficiary in the certificate until it becomes fixed by death. Masonic Ben. Ass'n v. Bunch, 109 Mo. 560; Wells v. Mut. Ben. Ass'n, 126 Mo. 630; Hofman v. Grand Lodge, 73 Mo. App. 47; Niblack on Ben. Soc., sec. 212. It is true that neither has the insured member himself an interest in the fund (Masonic Ben. Ass'n v. Bunch, supra; Keener v. Ins. Co., 38 Mo. App. 543), still he is the opposite party in the contract. He has made it from the motive of duty or affection and he is interested in its being upheld. His declarations of things tending against the contract would likely not have been made if not true. They should be received in evidence. They should be regarded as in instances of contract where the representative of the declarant is a party to the action. And so it has been decided. Thomas v. Grand Lodge, 12 Wash. 500; Steinhausen v. Mutual Ass'n, 13 N. Y. Supp. 36; Niblack on Ben. Ass'ns, secs. 212, 325.

Defendant seeks to avoid the effect of the deceased's misrepresentation and his subsequent conduct by a plea of waiver. This consists in the trial aforesaid by the local lodge wherein defendant was charged with using intoxicants and becoming drunk just pre-

vious to his death, and wherein all action was deferred, as has been stated. We are satisfied that such action on the part of the company was a waiver of a forfeiture on account of the matter of use of intoxicants after he took out the policy. But it was no waiver of the fact (if it be a fact) that he had been drunk before his application. A waiver presupposes knowledge of the thing to be waived, and there is no evidence that defendant had any knowledge of his being drunk before the application. And so the trial aforesaid discloses that no consideration was given to anything except a violation of his duties after becoming a member and shortly prior to his death. We can not discover any good reason for connecting the two violations in such way as to make a waiver of one affect the other. We discover nothing bearing on the question in the authorities cited by plaintiff.

But plaintiff further insists that if what we have just stated was not a waiver, that the subsequent furnishing blank proofs of loss to plaintiffs and the fact that they went to trouble and expense in making them, constituted a waiver, not only on the question of intoxication but also that of hemorrhage. We think not. There is nothing to show that defendant knew at the time the blank proofs were furnished that there had been a misrepresentation as to either of these things having occurred prior to the date of the application.

Deceased at time of application had two brothers alive and one dead. Defendant offered to prove this and that the dead brother died of diabetes. The court rejected this offer. The following questions, in the following form, and answers thereto, are found in the application made by deceased:

Callies v. Modern Woodmen.

| | Age, if Living. | Condition of Health. | Age at Death. | Cause of Death. | How Long Ill and Date of Death. | Previous Condition of Health. | Was Tuberculosis a Factor. |
|---|---|---|---|---|---|---|---|
| Father ........... | 54 | Good | | | | | |
| Mother ......... | 44 | Good | | | | | |
| | | | | | | | |
| Brothers 2 ...... | 21 | Good | | | | | |
| | 33 | Good | | | | | |
| | | | | | | | |
| Sisters 2 ...... | 17 | Good | | | | | |
| | 19 | Good | | | | | |
| Father's Father... | Don't know anything | | | | | | |
| Father's Mother... | Don't know anything | | | | | | |
| Mother's Father... | Don't know anything | | | | | | |
| Mother's Mother... | Don't know anything | | | | | | |
| | | | | | | | |
| | | | | | | | |

This form was preceded by the request to "give full answers to following questions as to family history," and following the form there were warranties that the answers were "full, complete and literally true." It will be noticed that there was no direct answer as to whether any brother was dead. But he did answer that he had two brothers, giving their ages and their condition of health. But as the question whether any brother was dead was not asked, in terms, and as the defendant accepted the answers in that form, and as the law will endeavor to avoid a forfeiture, we conclude that there was no warranty on this head. Phoenix Ins. Co. v. Radein, 120 U. S. 183; Jersey Ins. Co. v. Carson, 44 N. J. L. 210.

From what was said by counsel at the trial we do not take it that a warranty is claimed; but it is insisted that a fraudulent concealment was made by deceased. A full and complete answer to the questions was required by the application. If the offer of proof turns out to be a matter of fact, it is evident that a fair and candid answer was not given. There was concealment and the parties (as they rightfully may) have made it material (Jeffries v. Ins. Co., 22 Wall. 47; Price v. Ins. Co., 17 Minnesota 497; Campbell v. Ins. Co., 98 Mass. 381, 403). If, therefore, it can be shown (under a proper answer) to have been a fraudulent concealment for the purpose of inducing the defendant to issue the certificate and which it would not have issued had the truth been told, it ought to avoid liability. In so stating we deem a fraudulent concealment of the matters here considered as tantamount to a fraudulent misrepresentation.

As the answer stood at the trial it bore more upon a question of warranty than a fraudulent misrepresentation or concealment and, therefore, the ruling of the court was right.

Vol 98 app—34.

What we have said could only be available to defendant by an amendment to that part of the answer wherein information was sought as to the family history, setting up what we have just indicated it was necessary to prove.

The judgment is reversed and cause remanded. All concur.