### WEATHERFORD MACHINE & FOUNDRY COMPANY v. W. E. TATE.

Decided February 29, 1908.

#### 1.—Contract—Sale—Delivery—Breach—Measure of Damage.

The profits on sales which the buyer would have made if the seller had complied with his contract to deliver certain articles, are recoverable in an action for breach of such contract where it was within the contemplation

of both parties at the time of entering into the contract that the articles were to be delivered for sale.

**2.—Same.**

Ordinarily the measure of damage for breach of a contract to sell and deliver chattels is the difference between the contract price and the market value of the same at the time and place at which they should have been delivered.

**3.—Same—Time as Essence of Contract.**

Where time is of the essence of a contract of sale and delivery on the one hand and purchase and acceptance on the other, the buyer is not required, in order to avail himself of the time stipulation, to notify the seller that he will treat the contract as breached if the goods are not delivered at the time named.

Appeal from the District Court of Parker County.    Tried below before Hon. J. W. Patterson.

*F. O. McKinsey*, for appellant.

*Preston Martin* and *H. C. Shropshire*, for appellee.

SPEER, ASSOCIATE JUSTICE.—The Weatherford Machine & Foundry Company instituted this suit against W. E. Tate to recover an amount alleged to be due on a contract entered into between the parties whereby the former agreed to manufacture for the latter twenty hay presses and engines, alleging that the defendant had wrongfully stopped the plaintiffs in their efforts to complete said presses and engines. The defendant reconvened for damages, alleging that the presses were to be made according to a certain model and that all were to be completed by June 1, in time for the hay season of 1905, which was not done. The trial resulted in a verdict and judgment for defendant for one hundred and seventy-five dollars, from which plaintiffs have appealed.

The first paragraph of the court's charge objected to is as follows: "If you find that the plaintiff agreed to construct for the defendant the twenty machines and engines mentioned and described in the answer of the defendant, by the first day of June, 1905, at an agreed price, and if you believe that the defendant, relying upon said contract, sold or contracted for the sale of a part of said machines and engines, and if the plaintiff failed to manufacture and deliver the engines and machines so contracted for so as defendant could deliver the same, then the plaintiff (defendant) would be entitled to recover on account of the machines and engines so sold or contracted the difference between the price. the defendant was to pay plaintiff for same and what he was to receive for the same, and as to the balance the defendant would (if the machines and engines would have been worth more than the contract price) be entitled to recover the difference between the contract price and the market value of the balance of said machines and engines in the city of Weatherford at the time they should have been delivered . . . . . . . . . ."

The proposition is put forth under the assignment complaining of this charge that special damages for loss of sales resulting from

a breach of contract to manufacture articles by a given time are not recoverable unless the defendant had notice at the time of entering into the contract that such damages would result. This case seems clearly to be governed by the principles announced by us in Sun Mfg. Co. v. Egbert & Guthrie, 37 Texas Civ. App., 512, to the effect that the profits on sales which the plaintiff would have made if the defendant had complied with his contract to manufacture and furnish certain articles are recoverable in an action for breach of such contract, where it was within the contemplation of both parties at the time of entering into the contract that the articles were being manufactured for sale. But if mistaken in this conclusion, no injury could have resulted from the charge quoted, since the evidence discloses that each of the sales made, to which the first part of the charge is applicable, was for the sum of three hundred and fifty dollars for a press and engine, which the undisputed evidence also shows to have been the market value of the machinery, thus in effect submitting the same measure of recovery as to all the presses and engines, that is, the difference between contract price and the market value at the time they should have been delivered.

Appellant's requested charge No. 1 was properly refused because it did not require that appellant's continued prosecution of the work under the contract should have been induced by the conduct of appellee. It is as follows: "If you believe that plaintiff agreed to furnish defendant twenty hay presses and engines by the first day of June, 1905, and did not make and deliver same by that date; and if you believe that plaintiff at that date was working upon said presses, constructing them, and that the defendant with knowledge that plaintiff was at work on said machines did not stop them from such work or notify plaintiff then and there that he would not receive them after that date, but permitted plaintiff to proceed with the work without objection, then the defendant can not refuse to take and pay for any presses and engines contracted for, or any material cut up and prepared for said presses, on the ground that same were not delivered before June 1, that is, under the circumstances above, if they existed, plaintiff would be estopped to deny his liability on the ground that the engines and presses were not delivered by June 1." Besides, it is not the law, where time is of the essence of the contract, that the plaintiff is required to object and to notify defendant that he will treat the contract as breached in order to avail himself of the time stipulation. Bounds v. Hickerson, 26 Texas Civ. App., 608.

Nor can appellant complain that the court failed to submit its right to recover for material cut up after June 1, since it failed to request a charge upon this issue. Furthermore, appellant's statement nowhere shows that the evidence raised the issue that any materials were cut up for the presses after June 1, and appellee insists that it did not.

What we have just said, in connection with the undisputed fact that the only hay press ever accepted by appellee, which was some time in August, was not embraced within the contract here sued on,

disposes of appellant's fourth assignment to the effect that the court erred in allowing a recovery by appellee if the presses and engines were not ready for delivery by June 1.

The seventh paragraph of the court's charge is not erroneous within itself and when read in connection with other parts of the charge sufficiently indicates the proper measure of recovery.

We find no error in the judgment and order that the same be affirmed.

*Affirmed.*