COLE v. KNIGHTS OF MACCABEES OF THE WORLD. (No. 979.)

(Court of Civil Appeals of Texas. Amarillo. May 10, 1916. On Motion for Rehearing, Oct. 11, 1916.)

1. INSURANCE ☞815(4) — MUTUAL BENEFIT INSURANCE—ACTION ON POLICY—PLEADING—ISSUES.

In an action on a policy of benefit insurance, where plaintiff beneficiary alleged specifically the duty of defendant to notify deceased of suspension for nonpayment of dues, it was not necessary for defendant to allege the fact of notice before introducing evidence that all delinquent members were duly notified by written notice in regular form by mail.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1998; Dec. Dig. ☞815(4).]

2. EVIDENCE ☞252—MUTUAL BENEFIT INSURANCE—ACTIONS ON POLICIES—DECLARATIONS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4832, providing that a beneficiary in a mutual benefit life association has no vested interest in the contract of insurance until the death of the insured, in an action on a policy of benefit insurance, evidence that deceased, when asked by witness to pay his July assessment, said that he would not keep it up, or did not want to keep it up, was admissible, since where the beneficiary in an insurance contract has no vested interest until after the death of the insured, declarations of insured are admissible against the beneficiary to prove forfeiture.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 989–993; Dec. Dig. ☞252.]

3. APPEAL AND ERROR ☞742(4)—REVIEW—ASSIGNMENT OF ERROR.

Where the objection made to the admission of evidence did not include the question urged in a proposition under an assignment of error, the proposition is not germane to the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742(4).]

4. APPEAL AND ERROR ☞722(1)—REVIEW—ASSIGNMENTS OF ERROR.

Where an assignment of error is based on a motion for new trial, but reference to the motion shows that it does not present the same question and is not a copy of the assignment in the motion for new trial, it cannot be considered, since while a motion for new trial is not necessary in cases tried before the court without jury, when a motion has been filed in such case, the errors assigned in the court below must be the errors assigned in the Supreme Court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990, 2994–2996; Dec. Dig. ☞722(1).]

5. INSURANCE ☞750—MUTUAL BENEFIT INSURANCE—BY-LAWS.

In an action on a policy of fraternal benefit insurance, where a by-law clearly provided that a member failing to pay his monthly rate within the month shall be suspended without notice, and the evidence is sufficient to sustain the judgment based upon it, obscurity in other by-laws pleaded would have no bearing upon the issue of the failure of assured to pay his monthly rate.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1895, 1896, 1903; Dec. Dig. ☞750.]

*On Motion for Rehearing.*

6. INSURANCE ☞756(1) — MUTUAL BENEFIT INSURANCE — NOTICE OF FORFEITURE — BY-LAWS.

Under by-laws of a mutual benefit insurance association, providing for suspension, without notice, of assured from all rights for failure to pay monthly rate within the month on first day due, and for notice of such suspension to an official, who shall report it to the next meeting, no affirmative action or notice to assured of forfeiture on part of the association was necessary to forfeit the certificate, but the failure of the member to make the required payment ipso facto worked a forfeiture.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1917; Dec. Dig. ☞756(1).]

Error from District Court, Dallas County; J. C. Roberts, Judge.

Action by Mrs. Lizzie Cole against the Knights of the Maccabees of the World. Judgment for defendant and plaintiff brings error. Affirmed.

H. W. Peck, of Dallas, for plaintiff in error. Cross & Rogers, of Waco, for defendant in error.

HALL, J. This is an action by plaintiff in error, to recover the amount of a benefit certificate of insurance, issued by the defendant in error to Thomas Ross Cole. Plaintiff in error is the mother of Thos. Ross Cole, deceased, and the beneficiary named in the certificate.

Plaintiff in error alleges in her original petition that, in consideration of the payment of $1.15 per month, the defendant issued the certificate upon which the suit is based, whereby it insured the life of Thomas Ross Cole in the sum of $1,000, payable to plaintiff in error; that Thomas Ross Cole died in the city of Dallas, October 6, 1913, while said certificate was in full force and effect; that defendant had denied liability, waived proofs of death, and the signature of the certificate; and that neither plaintiff nor the insured had notice of the forfeiture of the certificate sued on. She tendered into court the amount of the monthly payments, per capita taxes, and additional assessments due and unpaid, and prayed for judgment for the full amount of the certificate. Defendant in error answered, alleging that the insured had failed to pay his dues and assessments, and by reason thereof the certificate was not in force at the time of his death and

was null and void. The answer sets up the following provisions of the by-laws:

"Sec. 329. *Effect of Suspension.* A member under suspension for any cause except when suspension is for a definite period as a matter of discipline, forfeits absolutely his right to participate in the benefit funds of the association, or the fraternal privileges of his tent. Suspension for discipline shall not affect the right of a member to participate in the benefit funds of the association, but shall deprive him of all fraternal privileges for the period of his suspension.

"Sec. 330. *Suspension from Association, and Tent.* A life benefit member failing to pay a monthly rate per capita tax, or additional assessments within the month, on the first day of which it is due, shall stand suspended, without notice from all rights of life benefit membership and from all the privileges and benefits of his tent.

"Sec. 331. *Notice of Suspension to Supreme Record Keeper.* A member suspended for failure to pay a monthly rate or additional assessments, must be reported by name to the Supreme Record Keeper, by the tent record keeper in his monthly report. The record keeper shall also report the name of each member so suspended to the tent at its next regular review.

"Sec. 332. *Failure to Pay Tent Dues.* A member neglecting or refusing to pay his tent dues or any fine or special assessment, levied by the tent, for a period of thirty days after the same is due, shall be reported in open tent by the record keeper, provided that the record keeper shall, before making such report, notify such member to pay the amount due before the next regular review of the tent.

"Sec. 333. *Suspension Declared.* A member so reported shall at once be declared suspended by the commander from all rights and benefits of the association, and shall be notified by the record keeper of the action of the commander."

It is affirmatively alleged that the application provides that a failure on the part of the insured to pay any monthly rate or assessment within the time provided by the by-laws, or failure to pay the dues fixed by said law, and in the manner and at the time provided thereby, or the by-laws of the tent, shall vitiate the certificate; that sections 315 and 330 of the by-laws provide, in substance, that on failure on the part of a member to pay a monthly rate within the month on the first day upon which it fell due he should be suspended without notice from all rights, privileges, and benefits of the order.

It is further alleged that at the time of the death of Cole he was under suspension for failure to pay his monthly rate to the association due for the month of July, and that he also failed to pay his monthly dues for the month of July, August, September, and October, 1914; that section 377 of the by-laws was in full force and effect, and provided that no benefits should be paid on account of the death or disability of any member under suspension for any cause at the time of his death, unless such suspension was for a definite time, as a matter of discipline, and that the said Cole was not suspended for a definite time as a matter of discipline.

The case was tried by the court without the aid of a jury on November 17, 1914, and judgment was rendered in favor of the defendant insurance company.

Plaintiff in error's first, second, third, and fourth assignments complain of the court's action in overruling her special exceptions to the pleadings of defendant in error. These assignments are without merit, and are overruled.

[1] The fifth and seventh assignments of error complain of the admission in evidence of the testimony of the witnesses Young and Harvey. The evidence of these witnesses was to the effect that all delinquent members were duly notified by written notice in regular form, sent to them through the post office. The introduction of this testimony was objected to on the ground that the defendant, in its pleadings, had not alleged that it had ever given the insured any notice of his suspension, nor did he plead that the insured had been suspended, in accordance with the by-laws of the association. In its first supplemental petition the allegation is made that plaintiff had no notice that dues and assessments had not been paid, and that Thos. R. Cole had been suspended and his certificate forfeited. In view of the allegations contained in the plaintiff's pleadings, it was not necessary for defendant to set up the fact of notice. Plaintiff alleges specifically the duty of the defendant to notify Thos. R. Cole, and negatives the fact that any such notice was given by the defendant, its officers or agents, to either Cole or plaintiff. It is an elementary rule of pleading that facts alleged by one party need not be alleged by the other. These assignments are overruled.

[2] The sixth assignment is that the court erred in overruling plaintiff's objections to the testimony of Young, to the effect that Thos. R. Cole, when asked by the witness to pay his July assessment, said that he would not keep it up, or did not want to keep it up. The objection to this testimony is that such a declaration, made by the insured as to his intention of keeping up dues, was not admissible against the beneficiary. By statutory provision in this state the beneficiary in a mutual benefit life association has no vested interest in the contract of insurance until the death of the insured. Vernon's Sayles' Civil Statutes, art. 4832; Coleman v. Anderson, 98 Tex. 570, 86 S. W. 730. By the great weight of authority, the further rule is established that where the beneficiary in an insurance contract has no vested interest until after the death of the insured, declarations of the insured are admissible against the beneficiary to prove forfeiture. Callies v. Modern Woodmen, 98 Mo. App. 521, 72 S. W. 713; Fidelity Mutual Life Ass'n v. Winn, 96 Tenn. 224, 33 S. W. 1045; Bacon's Benefit Societies and Life Insurance (3d Ed.) § 460, p. 1177; Niblack on Benefit Societies, §§ 212, 325; Cooley's Briefs on Insurance, p. 2431, note. In the Callies Case, supra, the court said:

"The theory upon which the trial court sustained plaintiff's objections to the deceased's

declarations [naming them] was that such declarations could not bind these plaintiffs as beneficiaries. We think the theory unsound, and that error was committed. The weight of authority, as regards ordinary life insurance, is that the declarations of the party insured are not evidence against the person for whom the insurance is taken, and the rule is so stated in a remark in the course of a decision by the Supreme Court of this state. * * * But as to fraternal benefit insurance, where the beneficiary is named by the insured, and whom he may change at any time before death, a well-founded distinction exists, for there is no vested interest in the beneficiary in the certificate until it becomes fixed by death. * * * It is true that neither has the insured member himself an interest in the fund: * * * still he is the opposite party in the contract. He has made it from the motive of duty or affection, and he is interested in its being upheld. His declarations of things tending against the contract would likely not have been made if not true. They should be received in evidence. They should be regarded as in instances of contract, where the representative of the declarant is a party to the action, and so it has been decided."

In the case of Fidelity Mutual Ass'n v. Winn, supra, the Supreme Court of Tennessee said:

"The assured in such a policy being the real party in interest, it follows that 'no harm can possibly result from giving full effect to his admissions. He may be supposed to best know the extent of his own rights and to be least of all disposed to concede away that which actually belonged to him.' * * * Under well-settled rules, his subsequent declarations against his interest were competent testimony, and plaintiff in error had the right to put them in evidence."

The Supreme Court of Kentucky, in Knights of Maccabees of the World v. Shields, 156 Ky. 270, 160 S. W. 1046, 9 L. R. A. (N. S.) 853, discussed at some length the authorities pro and con, and concludes from a review thereof that the rule, excluding the declarations of the insured which tended to affect the rights of the beneficiary, should not be applied to policies issued by benefit or fraternal associations. We think the evidence was admissible, and the assignment is overruled.

The first proposition under the eighth assignment is that, the defendant in error not having pleaded the giving of notice to establish forfeiture, it was error to admit testimony tending to show that notice had been given. This question has already been disposed of by the statement above that the evidence was admissible under plaintiff's pleadings.

[3] The second proposition under this assignment, which is based upon the admission of the testimony of the witness Young, showing what action was taken by the lodge and by witness as the record keeper thereof, toward suspending Thos. R. Cole under the provisions of the by-laws above stated, is not germane to the assignment because the objection made to the evidence did not include the question urged in the proposition.

[4] The ninth assignment appellant alleges is based on the eighth paragraph of the plaintiff in error's motion for new trial. Reference to the motion shows that it does not present the same question, and cannot be considered for the further reason that it is not a copy of the assignment in the motion for new trial. The rule is established in this state that, while a motion for new trial is not necessary in cases tried before the court without a jury, nevertheless, when a motion has been filed in such a case, the errors assigned in the court below must be the errors urged in this court. Edwards v. Youngblood, 160 S. W. 288; Bradshaw v. Kearby & Kearby, 168 S. W. 436; E. G. Rall Grain Co. v. Burks-Simmons Co., 171 S. W. 1043.

[5] Appellant contends that the sections of the by-laws set out in the beginning of this opinion are confusing and susceptible of two constructions, and for that reason the rule announced in Goddard v. East Texas Fire Insurance Co., 67 Tex. 71, 1 S. W. 906, 60 Am. Rep. 1, to the effect that under such conditions an interpretation must be given the language which is most favorable to the beneficiary, should apply. Section 330 is clear in its provision that a life benefit member, who fails to pay any monthly rate within the month, on the first day of which it is due, shall be suspended without notice from all rights of life benefit membership. This provision is unequivocal, and the evidence in the record is sufficient to sustain the judgment of the court based upon it. Even though we should admit that some of the sections quoted are obscure in their language, they had no bearing upon the issue of the case relating to the failure of the assured to pay his monthly rate.

The judgment is affirmed.

### On Motion for Rehearing.

Plaintiff in error insists, first, that forfeiture was not set up, and under the rule announced in Mullen v. Mutual Life Insurance Co., 89 Tex. 259, 34 S. W. 605, evidence of notice should not have been admitted. The decision in the Mullen Case is based upon a New York statute, which provides that no life insurance company doing business in that state should declare forfeited any policy by reason of nonpayment of an annual premium, unless a notice in writing should be duly mailed to the assured not less than 30 days before each payment was due. If the rule announced had any application to this case, we think the pleadings are sufficient to authorize the introduction of the testimony. We did not, however, base our affirmance of the judgment upon the question of notice. Section 330 of the by-laws provides for the suspension of a member without notice, who has failed to pay a monthly rate, per capita tax, or additional assessment; and section 331 does not require the service of any notice of forfeiture upon the assured, but provides that after the member has been suspended, under section 330, the fact of such suspension must be reported to the Supreme

Record Keeper, and that the record keeper shall report the name' of each member so suspended to the tent at its next regular review. Section 332 merely provides that when ·a member has failed to pay his tent dues or any fine or special assessment for a period of 30 days after the same is due, he shall be reported in open tent by the record keeper, and that before making such report the record keeper shall notify such member to pay the amount. This section has no reference whatever to the failure on the part· of a member to pay the monthly rate, per capita tax, or additional assessment. These matters are controlled by the provisions of sections 330 and 331. We did not even intimate that the language of any of the sections was obscure. On the contrary, we think they are clear and explicit.

[6] Section 330 provides that the member shall stand suspended without notice; and, even though we should hold that the court erred in admitting the testimony tending to show that notice was given by Young, the error is harmless. As we construe sections 330 and 331, no affirmative action on the part of defendant in error was necessary in order to forfeit the certificate. The failure of the member to make the required payment ipso facto worked a forfeiture.

The motion is, in all things, overruled.