Metropolitan Life Insurance Company v. Mrs. Jefferson
Bradley.

No. 1353.   Decided November 14, 1904.

**1.—Life Insurance—Forfeiture for Nonpayment—New York Statute.**

The New York statute requiring notice before forfeiture of a life insurance policy for nonpayment of the premium has no bearing on the question of forfeiture of an insurance contract made in Texas by a New York company, in the absence of stipulations in the contract sufficient to import the provisions of such statute into it.   (Pp. 232-236.)

**2.—Same—Cases Distinguished.**

Washington Life Ins. Co. v. Berwald, 6 Texas Ct. Rep., 919, 8 Texas Ct. Rep., 352; New York Life Ins. Co. v. English, 95 Texas, 391; New York Life Ins. Co. v. Orlopp, 61 S. W. Rep., 336; Germania Life Ins. Co. v. Peetz, 47 S. W. Rep., 687; Mullen v. Mutual Life Ins. Co., 89 Texas, 259, distinguished from present case.   (P. 233.)

**3.—Contract—Lex Loci.**

The rule that a contract of insurance should be regarded as made in the State where the policy was executed and mailed for delivery to insured in another State and should be governed by the law of the State of its execution, does not import into the contract laws of such State which by their terms apply only to contracts to be performed in that State.   (P. 234.)

**4.—Same.**

The presumption that a provision in the laws of a State where a contract is made was intended by the parties to constitute a part of the contract, does not apply where the contract itself expressly provides a different rule upon the subject from that laid down in the statute.   (Pp. 234-236.)

**5.—Case Stated.**

A policy of life insurance executed by a New York company in that State and forwarded by mail for delivery to insured, who resided in Texas, and which provided for forfeiture on default in payment of subsequent premiums, notice of which to the insured was expressly waived by the terms of the policy, was forfeited by the failure of insured to pay such subsequent premiums, though the statute of New York provided that such forfeiture should not take place on policies issued by insurance companies doing business in that State, except upon notice mailed to the postoffice address of insured in that State.   (Pp. 232-236.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

The life insurance company obtained writ of error upon the affirmance, on its appeal, of a judgment recovered against it by Mrs. Bradley.

*Stuart & Bell,* for plaintiff in error.—Where an insurance policy provides, that, upon failure to pay any premium or installment of premium when due, the 'policy shall be void and all premiums paid shall be forfeited to the insurer, the failure to pay a premium on said policy when due forfeits the policy, unless such a provision is forbidden by law.   Union C. L. Ins. Co. v. Chowning, 28 S. W. Rep., 119; Laughlin v. Fidelity Life Ins. Co., 28 S. W. Rep., 411; Texas Fire Ins. Co. v. K. of P. Lodge, 74 S. W. Rep., 809.

The provisions of the New York law introduced in evidence requiring the notice described in the first section of the court's charge, to be sent out within the time set forth in said section of said charge before

a forfeiture of a life insurance policy could be made, were intended to apply only to cases where the insured had a postoffice address within the State of New York, and the court erred in said first section in requiring the defendant to prove it complied with said provisions. Mutual Life Ins. Co. v. Cohen, 179 U. S., 263; Equitable Life Assurance Society v. Pettus, Admr., 140 U. S., 226, 234.

Where the insured at the time of the issuance of the policy and continuously up to the time of his death had no postoffice address in the State of New York, and where the laws of New York are not incorporated in or made a part of the insurance contract, article 2, section 92, chapter 38, of the Revised Statutes of New York, introduced in evidence herein, does not apply to the forfeiture of such a policy although the policy be issued and payable in New York, and the failure to pay a premium on said policy when due forfeits said policy where it contains a provision that the failure to pay a premium when due shall forfeit the same. New York Life Ins. Co. v. English, 67 S. W. Rep., 884; New York Life Ins. Co. v. Orlopp, 61 S. W. Rep., 337; Mullen v. Mutual Life Ins. Co., 89 Texas, 262; Security Trust and Life Ins. Co. v. Hallum, 73 S. W. Rep., 554; Washington Life Ins. Co. v. Berwald, 72 S. W. Rep., 438; Mutual Life Ins. Co. v. Cohen, 179 U. S., 263; Equitable Life A. Soc. v. Pettus, 140 U. S., 226; Germania Life Ins. Co. v. Peetz, 47 S. W. Rep., 687; Franklin Life Ins. Co. v. Galligan, 73 S. W. Rep., 104.

As the policy sued on never became binding on appellant until duly delivered, and if it was ever delivered at all in accordance with its provisions, the delivery took place in Texas, it should be construed according to the laws of Texas. Mutual Life Ins. Co. v. Cohen, 179 U. S., 263; Equitable Life Ins. Soc. v. Pettus, Admr., 140 U. S., 226-234; Mutual Life Ins. Co. v. Hill, 193 U. S., 551.

*Culp & Giddings,* for defendant in error.—The policy having expressly provided that the loss was payable in the city of New York and that the premiums are payable there, and that the company was incorporated under the laws of New York, the provisions of the New York law then in force were part of the contract and applicable thereto, and though the premium due on May 8th, was not paid, no forfeiture could result without a compliance with the laws of that State pleaded by plaintiff and proven to have been then in force, requiring the mailing of notices to the assured. Seiders v. Merchants Life Assn., 93 Texas, 199; Fidelity Mutual, etc., Co. v. Harris, 94 Texas, 34; Mullen v. Mutual Ins. Co., 89 Texas, 262; New York Life Ins. Co. v. Smith, 41 S. W. Rep., 682; Germania Ins. Co. v. Peetz, 47 S. W. Rep., 687; Washington Life Ins. Co. v. Berwald, 6 Texas Ct. Rep., 919; Ryan v. Missouri K. & T. Ry. Co., 65 Texas, 13; Equitable L. A. Soc. v. Nixson, 81 Fed. Rep., 796; Baxter v. Brooklyn Life Ins. Co., 119 N. Y. 451; Franklin Life Ins. Co. v. Galligan, 73 S. W. Rep., 103.

WILLIAMS, Associate Justice.—Defendant in error recovered the judgment, from which this .writ of error is prosecuted, upon a policy of insurance on the life of Karl A. Bradley, of which she was beneficiary, issued by the plaintiff in error November 8, 1901. The facts show that Bradley's application for the policy and $3, required to be paid in advance, were delivered to defendant's local agent at Gainesville, were sent by him to the general agent at Fort Worth and were, by the latter, forwarded to the defendant at its office in New York City. The application was accepted by the company and the policy and receipt for amount due for the first premium ($14.72) were transmitted to the general agent at Fort Worth, with instructions that the policy should not be delivered until the premium had been paid; and, with like instructions, were forwarded by the latter to the local agent at Gainesville. The policy was delivered to Bradley, and, although there is a contention that it never took effect because the whole of the first premium was never paid, we may assume, for the purposes of the decision, that this position has been met and that the policy became effective upon delivery. It required the payment of further semiannual premiums of same amount as the first, and the next to become due, on May 8, 1902, was never paid. Bradley died May 22, 1902. The policy provided that "if any premium or installment of premium be not paid when due, this policy shall be void and all premiums paid shall be forfeited to the company," and the nonpayment stated necessarily terminated the contract unless that consequence is avoided by the failure of the defendant to comply with a statute of New York which plaintiff relied on as controlling the case. Klein v. Insurance Co., 104 U. S., 88; Thompson v. Insurance Co., 104 U. S., 257. That statute, as it is proved to have existed at the time of the contract and the failure to pay the premium, is as follows:

"No life insurance corporation doing business in this State shall within one year after the default in payment of any premium, installment or interest, declare forfeited or lapsed, any policy hereafter issued or renewed (and not issued upon the payment of monthly or weekly premiums, or unless the same is a 'term insurance' contract for one year or less), nor shall any such policy be forfeited or lapsed by reason of nonpayment when due of any premium, installment or interest, or any portion thereof required by the terms of the policy to be paid, within one year from the failure to pay such premium, interest or installment due on such policy, unless a written or printed notice stating the amount of such premium, interest installment, or portion thereof due on such policy, the place where it shall be paid, and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured, or the assignee of the policy (if notice of the assignment has been given to the corporation), to his or her last known postoffice address in this State, postage paid by the corporation or by any officer thereof, or person appointed by it to collect such premium

at least fifteen and not more than forty-five days prior to the day same is payable. The notice shall also state that unless such premium, installment, interest or portion thereof when due, shall be paid to the corporation, or to the duly appointed . agent or person authorized to collect such premium by or before the day it falls due, the policy and all payments thereon will become forfeited and void, except as to the right to a surrender value or paid-up policy as in this chapter provided. If the payment demanded by such notice shall be made within its time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall in any case be forfeited or lapsed until the expiration of thirty days after the mailing of such notice."

Other provisions prescribed a rule of evidence as to the giving of notice, and a time limitation for the bringing of actions upon forfeited policies. The contention of the plaintiff that there was no forfeiture for nonpayment of the premium is sound if this statute applies and the notice was not given. There was very strong and definite evidence that it was mailed as required, but the effect of such evidence need not be determined, since we are of the opinion that the statute has no application to the case.

In all of the cases in this court in which the statute was allowed to govern there were stipulations in the papers evidencing the contract of insurance, which were regarded as sufficient to import its provisions into and make them a part of the contract. Washington Ins. Co. v. Berwald, 6 Texas Ct. Rep., 919; same case, 8 Texas Ct. Rep., 352; New York Life Ins. Co. v. English, 95 Texas, 391; New York Life Ins. Co. v. Orlopp, 61 S. W. Rep., 336; Germania Life Ins. Co. v. Peetz, 47 S. W. Rep., 687; Mullen v. Mutual Life Ins. Co., 89 Texas, 259. There are no such stipulations in the contract before us, and resort must be had to other principles, if the statute is to have effect upon the case. The question whether or not this statute is to be regarded as part of the charters of New York insurance companies, following them and restricting their powers wherever they may go, was thoroughly considered and decided in the negative by the Supreme Court of the United States in the case of Mutual Life Insurance Company v. Cohen, 179 U. S., 262. This was virtually reaffirmed in Mutual Life Insurance Company v. Hill, 193 U. S., 551. It was further held that the statute was intended only to apply to and regulate contracts of insurance made in New York, whether by domestic or foreign companies, and that the former were left free to contract in other jurisdictions in accordance with the laws there prevailing. The reasoning of the court is well-nigh conclusive and need not be repeated here. Any doubts that may have existed as to the soundness of that construction of the statute, as it stood at the time of the transactions there under review, are in a large measure dispelled by an amendment made subsequently and before the rights of the parties in this case became fixed. As it formerly stood,

the required notice was to be addressed to the party "at his or her last known postoffice address," while the amendment added the words, "in this State," plainly indicating the purpose of the Legislature to have been that attributed by the Supreme Court.

Since the contract of insurance in this case was not concluded until the condition of the delivery of the policy, i. e., the payment of the first premium, was complied with, it was made in Texas and is governed by our laws and not those of New York, unless the fact that the premiums and the policy itself were to be paid in New York invokes a different rule. Insurance Co. v. Cohen, supra; Fidelity Mut. Life Assn. v. Harris, 94 Texas, 35. In the last named case it was held that the contract was concluded in Pennsylvania because the application was accepted and the policy executed and mailed in that State for delivery, without further condition, the premium having already been paid. In that case it was also held that a law of Pennsylvania was made applicable by the fact that the contract was to be performed in that State. A like holding upon the same principle, as to a law of Missouri, was made in the case of Seiders v. Merchants Life Assn., 93 Texas, 194.

As the contract in this case contains like stipulations, it is claimed that these parties, in contracting, regarded this New York statute as entering into and governing their obligations. It is to be observed that the same features existed in the cases in 179 and 193 United States. The fact does not appear in the report of the first case except from the statement in the opinion that the policy there in question was like the one in the Phinney case (Mutual L. Ins. Co. v. Phinney, 178 U. S., 327), an examination of which at page 332 will show that the premiums and policy were payable in New York. No effect was given to these provisions, the opinions omitting any discussion of the point, and we think the reason is apparent. The rule that a contract to be performed in a particular State is to be construed and enforced, as to some things at least, by the law of that State, has its support in the presumption that the parties had in mind and contracted with reference to that law. This of course can be said only of the laws that apply to the contract which they make. The statute in question does not, as we have seen, enact a rule which might be applied by the courts of New York to all contracts of insurance which might come in question before them, as did those of Pennsylvania and Missouri considered in the Harris and Seiders cases, supra, but imposed a restriction only upon companies making contracts in that State with persons having a known postoffice address therein. Under the rule we are considering, we could only import into this contract those rules of law obtaining in New York which would be applied by the courts of that State in giving effect to and enforcing it, since parties can only be supposed, in the absence of express stipulations, to have considered those rules in contracting for performance in that State. But if it were possible to treat the stipulations for performance in New York, considered alone, as embodying

in the contract a statute like this, those stipulations do not stand alone in this contract, but are accompanied by others which in terms dispense with the notice required by the law. Bradley's application attached to the policy contains this declaration: "The answers and statements contained in the foregoing application * * * with this declaration shall be the basis and become part of the contract of insurance," and a part of the declaration is the stipulation that: "Notice that each and every premium is due at the dates named in the policy is given and accepted by its delivery, and any further notice required by any statute is waived." The policy provides that the "answers and statements" contained in the application are "hereby made part of this contract," and further that "the contract between the parties is completely set forth in this policy and the application therefor taken together." In the face of these plain stipulations it can not be presumed that the parties intended their contract to be governed by the statutory provisions concerning notice. In Mutual Life Ins. Co. v. Hill, supra, involving the same point, it is said:

"But assuming that the general declaration that the contract is to be held and construed to have been made in the city of New York, would, if there was nothing else, make controlling all the applicable statutes of that State, it is limited by other express agreements of the policy. Among these are that 'notice that each and every such payment is due at the date named in the policy is given and accepted by the delivery and acceptance of this policy, and any further notice required by any statute is thereby expressly waived,' and also that 'policy holders must not expect to be notified when their premiums will be due. It is a practice of the company to send these notices as reminders when the address is known, but no responsibility is assumed on the part of the company in consequence of their nonreception.' Language could not be clearer to the effect that the party accepting the policy admits thereby the receipt of every notice in respect to the payment of premium which can be implied from any other part of the policy or required by any statute. The contention is that this express stipulation in reference to notice is nullified by the general provision that the contract is to be construed to have been made in the city of New York. It is urged that the laws of New York control in the construction of any contract made in that State, that they require notice as a condition of forfeiture and forbid a waiver of such notice, and therefore that the agreement in the policy in respect to notice is overthrown by the law of the State. But that assumes that the contract was made in New York, whereas it was in fact made in Washington, and the laws of New York are controlling in any respect only because the parties have so stipulated, and, as we have indicated, the stipulation in respect thereto is to be harmonized with the other stipulations in the contract."

This was said upon the assumption that the contract expressly imported the laws of New York as a part of it, and the opinion then pro-

ceeds to show that the particular provision controls the more general one. No answer to this reasoning is possible. This view does not appear to have been brought to the attention of the Court of Civil Appeals, but we must look to the whole contract and all of its provisions in order to determine the merit of the plaintiff's contention that the statute in question became a part of it. The undisputed evidence shows that the policy had lapsed before Bradley's death because of his failure to pay the premium, and the judgments below will be reversed and judgment will be here rendered in favor of the defendant.

*Reversed and rendered.*