(51 Misc. Rep. 283.)

NAPIER v. BANKERS' LIFE INS. CO. OF CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. July, 1906.)

1. INSURANCE—CONTRACT—CONSTRUCTION.

Where a policy of life insurance was signed and delivered in the city of New York, and provided for the payment of premiums to the company and the amount of the policy by the company to be made in that city at the home office after receipt of satisfactory proofs of death, it is a New York contract, though the insured resided in another state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 173–175.]

2. SAME—FORFEITURE—NOTICE.

Laws 1892, p. 1972, c. 690, § 92, as amended by Laws 1897, p. 91, c. 218, forbidding forfeiture of policies within one year from default, unless notice has been mailed to the insured at his last known address in the state, is not applicable to persons not having a post-office address in the state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 892.]

3. SAME.

Insurance Law, Laws 1898, p. 160, c. 85, § 312, requiring notice to insured irrespective of place of residence, relates only to what are known as "stipulated premium policies," and is not to be read in connection with Laws 1892, p. 1972, c. 690, § 92, forbidding forfeitures within one year from default, unless notice has been mailed to insured at his last address in the state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 892.]

Action by John Napier against the Bankers' Life Insurance Company of City of New York.. Complaint dismissed.

Isaac B: Potter, for plaintiff.
Arthur L. Sherer, for defendant.

BURR, J. On the 13th day of December, 1897, the defendant issued a policy dated and purporting to be signed by its president and secretary, in the city of New York, by which, in consideration of the payment of the sum of $74.50, the first premium on said policy, and the further payment of $74.50 on the 13th day of December in each and every year, for a period of five years, and in consideration of the application and various statements and agreements referred to in the said policy, the defendant promised to pay to the executors or administrators of James A. Webb, of the city of Chicago and state of Illinois, the sum of $5,000 within 90 days after the receipt, at the home office of the company in the city of New York, of satisfactory proofs of the death of the said Webb during the continuance of the policy. Subsequently, and on the 25th day of July, 1898, at the request of the in-

sured, the defendant agreed that, if any amount become payable thereunder, it should be paid to Annie S. Webb.

On the 22d day of February, 1902, the said James A. Webb died at the city of Chicago. On the 1st day of May, 1902, the said Annie S. Webb filed at the home office of the defendant company in the city of New York certain papers, purporting to be proofs of the death of the said James A. Webb, which the defendant company retained. More than 90 days having elapsed since the delivery at the office of the said defendant of the said papers and the amount claimed to be due under the said policy remaining unpaid, on the 5th day of June, 1902, the said Annie S. Webb assigned her interest in the said policy to the plaintiff, who brings this action to enforce the payment thereof. Under the terms of the said policy, a premium became due and payable on the 13th day of December, 1901. That premium was not paid, nor was any tender made of the amount thereof until the 20th day of March, 1902. Inasmuch as payment to the beneficiary named in the policy was conditional upon the payment of the annual premiums as they became due, and the policy also provided that, in default of payment, the contract should terminate, and inasmuch as the premium last referred to was not paid when due the contract of insurance by its terms had ceased to exist at the time of the death of the said James A. Webb, and was not enforceable. The plaintiff claims that the provisions of the contract of insurance providing for its termination were inoperative because, by virtue of a statute of the state of New York (Laws 1892, p. 1972, c. 690, § 92, as amended by Laws 1897, p. 91, c. 218), the defendant was prohibited from declaring forfeited or lapsed the policy in question, unless a written or printed notice in the form prescribed by this statute had been served upon the assured in the manner therein prescribed.

The first question for consideration is whether this statute is applicable to this contract of insurance, and the answer to this question depends in the first instance upon what the place of the contract is. The statutory provision above referred to has no extraterritorial effect and does no apply to contracts made by a New York company out of the state; and there is no evidence in this case of any agreement to incorporate into the contract of insurance the laws of this state, and make its provisions controlling on the parties thereto. The policy was issued upon the life of a man residing, at the date of the issuing thereof, in the city of Chicago, in the state of Illinois; and, so far as the evidence in this case shows, that continued to be his place of residence up to the date of his death. If this policy is to be construed as an Illinois contract, the statute above referred to would not apply. Mutual Life Ins. Co. v. Hill, 193 U. S. 551, 24 Sup. Ct. 538, 48 L. Ed. 788; Mutual Life Ins. Co. of New York v. Cohen, 179 U. S. 262, 21 Sup. Ct. 106, 45 L. Ed. 181. Notwithstanding the fact that the policy was written upon the life of a person residing out of the state of New York, I am of the opinion that, upon the evidence in this case, the contract must be deemed to be a New York contract. The policy purports to be signed and delivered at the city of New York. The consent to the assignment of the policy purports to be executed and delivered at the

same place. The policy provides that the premiums are to be payable at the home office of the company in the city of New York, and that the amount due under the policy shall be paid after receipt at such home office of satisfactory proofs of death.

Whenever the contract is silent on the subject of place of performance, the place of making the contract is presumed to be the place of performance, and the interpretation and validity of the contract must be determined by the law of the place where the contract is made. 9 Cyc. 669; Union National Bank of Chicago v. Chapman, 169 N. Y. 538, 62 N. E. 672, 57 L. R. A. 513, 88 Am. St. Rep. 614; Grand v. Livingston, 4 App. Div. 589, 38 N. Y. Supp. 490, affirmed 158 N. Y. 688, 53 N. E. 1125; Mutual Life Ins. Co. of New York v. Dingley, 100 Fed. 408, 40 C. C. A. 459, 49 L. R. A. 132. In the absence of other evidence, the state where the application is made, the first premium paid by, and the policy delivered to, the insured, is the place of the contract. Mutual Life Ins. Co. v. Hill, 193 U. S. 551, 24 Sup. Ct. 538, 48 L. Ed. 788. This seems to have been in New York. The contract being subject then to the provisions of the New York statute, it becomes important to ascertain how far, if at all, such statute prevents the forfeiture of the policy in suit by reason of the nonpayment of the premium due on the 13th day of December, 1901. The language of the statute in force when the policy was issued is as follows:

"No life insurance company doing business in this state shall within one year after the default in payment of any premium, instalment or interest declare forfeited or lapsed, any policy hereafter issued * * * unless a written or printed notice stating the amount of such premium * * * due on such policy, the place where it shall be paid, and the person to whom the same is payable, shall have been ' duly addressed and mailed to the person whose life is insured * * * at his or her last known post office address in this state. * * * The notice shall also state that unless such premium * * * shall be paid * * * by or before the day it falls due, the policy and all payments thereon will become forfeited and void." Laws 1892, p. 1972, c. 690, § 92, as amended by Laws 1897, p. 91, c. 218.

Although a notice was sent to James A. Webb, the insured, at Chicago, Ill., it was not in the form required by the statute; and, if the sending of the statutory notice was necessary, it was ineffective to enable the defendant to declare the policy forfeited or lapsed. Schad v. Security Mutual Life Ass'n, 11 App. Div. 487, 42 N. Y. Supp. 314, affirmed, 155 N. Y. 640, 49 N. E. 1104; Baxter v. Brooklyn Life Ins. Co., 44 Hun, 184; Phelan v. Northwestern Mutual Life Ins. Co., 113 N. Y. 147, 20 N. E. 827, 10 Am. St. Rep. 441.

The language employed in the statute is that such notice must be addressed and mailed to the person whose life is insured "at his or her last known post office address in this state." Inasmuch as the words "in this state" were added by amendment to the statute in 1897, the statute up to that time providing for the sending of a notice to the person insured at his or her last known post-office address, wherever that might be, it is necessary to determine the meaning of the statute as amended. Four possible constructions have been suggested: First, that no life insurance company doing business within this state could, under any circumstances, forfeit or declare lapsed a policy issued up-

on the life of a nonresident of this state, since in such case no notice could be sent to the post-office address of the insured in this state, as the insured had no such address. That would be a construction entirely contrary to reason, since the result of it would be to afford better protection to persons who were not residents of the state of New York than to those who resided there. The Legislature cannot be presumed to have been more solicitous for the welfare of nonresidents than for that of its own citizens. The second construction suggested is that the notice must be mailed in this state, although addressed to the persons entitled to receive the same at any place which was their last known post-office address, whether in this state or elsewhere. Inasmuch as this statute is applicable, not only to domestic insurance companies, but to foreign companies doing business within this state (Strauss v. Union C. L. I. Co., 170 N. Y. 349, 63 N. E. 347), the effect of such construction would be to require such companies to bring their forfeiture notices into the state of New York for the purpose of mailing them, not only to persons residing within that state, but to persons residing in other states of the Union, or even in foreign countries. No possible reason can be suggested why the Legislature should have been concerned with the place where the notices were to be mailed. The important thing is that the notices should be received by the persons interested in them. It is quite possible that if the notice had been personally served upon the defendant in this state, so that he had received it within the time prescribed in this statute, whether such service was made at his last known post-office address or elsewhere, it would have been sufficient to enable the defendant to declare the policy forfeited. The purpose of the statute relates rather to the fact of notice, and the kind of notice, than to the manner in which the notice was delivered. Phelan v. Northwestern Mutual Life Ins. Co., 113 N. Y. 147, 20 N. E. 827, 10 Am. St. Rep. 441. The third construction suggested is that the words "in this state" in the statute should be read as if they were "in the state of the insured." Washington Life Ins. Co. v. Berwald (Tex. Civ. App.) 72 S. W. 436. It seems hardly possible that the Legislature of the state of New York, in adopting a statute relative to contracts within that state, in using the words "in this state" should be held to mean by them, not only in the state of New York, but every other state of the Union. The case last cited was decided in January, 1903, by the Court of Civil Appeals of Texas. Subsequently, and in November, 1904, the Supreme Court of the same state practically overruled the decision above referred to, and held that the statute applied only to New York contracts, made with persons having a known post-office address in that state. Metropolitan Life Ins. Co. v. Bradley, 82 S. W. 1031, 68 L. R. A. 509. This last construction seems to be the reasonable and natural one for several reasons. The amendment to the insurance law of 1897 was intended to enlarge the powers of insurance companies doing business within this state to declare forfeitures and not to limit it. This becomes apparent when we consider the entire amendment then adopted. The first step in the direction of enlarging the power of such companies was a provision that the restriction as to declaring a policy forfeited terminated

one year after the default in payment of any premium. The second provision for the benefit of such companies was one providing that no action should be maintained to recover under a forfeited policy, unless instituted within one year from the day on which default was made in paying the premium for which it is claimed that forfeiture ensued. Such being the general policy and intent of the amendment as indicated by these provisions, the remainder of the statute as amended, including the words "in this state," should also be so construed as to relieve the insurance company from restriction as to forfeitures rather than to make such restriction bear more heavily than it did before.

Again, the Legislature of the state may be deemed to have intended to provide only for the protection of the rights of policyholders within this state, leaving to other states to impose such restrictions with regard to forfeiture upon companies organized in this state, but doing business in those states, as their Legislatures might elect. Again, the time prescribed for the giving of the notice (15 days prior to the date when the premium is payable) would be efficient and reasonable in the case of persons residing in the state of New York, while it might not be efficient or reasonable with regard to persons residing elsewhere. When it is remembered that some, at least, of the New York insurance companies are doing business in all quarters of the globe, it is obvious that such a notice in many cases would be of little value. Mutual Life Ins. Co. v. Cohen, 179 U. S. 262, 21 Sup. Ct. 106, 45 L. Ed. 181. I am of the opinion, therefore, that the defendant company was under no obligations by reason of the provisions of the statute to serve any notice upon the insured, and, in the absence of such statutory obligation, the company had the right to declare the policy forfeited and lapsed when the premium was not paid in accordance with the terms thereof.

The plaintiff claims that the practical construction put upon the statute by the defendant is controlling as to the meaning thereof. In other words, because the defendant did send a premium notice to the assured in this case, and, as appears from the evidence, sent a great many such notices to all states in the Union where it had policyholders, therefore it has conceded the application of this statute to a policy upon the life of one who has not and never has had a post-office address within this state. The answer to that is that the notice sent was not the notice prescribed by the statute. It would not be reasonable to conclude that the failure of the defendant to comply with the statute as to the form of the notice was an admission on its part that it was bound to comply with the same. The notice sent was a mere act of courtesy.

The plaintiff, also insists that because in 1898 the Legislature of the state of New York added an entirely new article to the insurance law, to be known as "article 10" (Laws 1898, p. 160, c. 85), which article contained a section (312) providing for the serving of a notice upon all policyholders irrespective of their place of residence, as this is a law "in pari materia," it may be referred to in determining the legislative intent in adopting the amendment of 1897. It is sufficient to say that the amendment of 1898 only relates to a particular class of insurance

companies issuing policies familiarly known as "stipulated premium" policies. Further than that, the rule that statutes "in pari materia" should be construed together applies only to statutes not inconsistent with each other. Endlich, Interp. Stat. 67. Here there is absolute inconsistency between the two statutes under consideration.

It is also claimed that the amendment of 1898, and particularly section 312 of the insurance law, as amended by that act, which contained a provision substantially in form as the law was in 1892, and provided for a notice to all policyholders wherever resident, is applicable to this defendant. It is sufficient to say that the provisions of that act are expressly limited to companies incorporated under its provisions. The defendant was incorporated long prior to the passage of this act, and has not availed itself of the provisions of the said act (section 303) permitting it to reincorporate under said act as a stipulated premium company. Nor does the evidence in this case satisfy me that the company is doing business as such company in accordance with the definition thereof contained in the said statute.

There is no evidence in this case from which it could be found that prompt payment of the premium had been waived by the defendant. The complaint alleges the due performance of all of the conditions of the policy on the part of the insured. Under such an allegation evidence of waiver of such performance is incompetent. La Chicotte v. Richmond R. & El. Co., 15 App. Div. 380, 44 N. Y. Supp. 75. Even if the immediate payment of the premium had been waived, such waiver terminated on the 30th day of January, 1902, and the tender of the premium was not made until long after that date. I think that the plaintiff has failed to establish his right to recover in this action, and that there should be judgment for the defendant, dismissing the complaint upon the merits, with costs.

Complaint dismissed upon the merits, with costs.