ANDREW C. McGOWIN, as Administrator, etc., of FRANK B. TESSON, Deceased, Plaintiff, *v.* S. STANWOOD MENKEN, as Administrator, etc., of ALICE E. TESSON, Deceased, Defendant.

First Department, May 4, 1917.

Decedent's estate — death of husband and wife in common disaster — presumption of survivorship — right to proceeds of insurance policies on life of husband — contracts — law of place of performance of insurance policies governs rights of parties.

Where two persons perish in a common disaster there is no presumption of survivorship or of simultaneous death, in the absence of all proof of the fact, and if one of such persons is possessed of personal property *prima facie* his next of kin are entitled thereto, and the burden of proof is upon one claiming against them; and in the absence of evidence of survivorship, the fact is assumed to be unascertainable and the property goes to the next of kin of the decedent as upon intestacy.

Hence, where a husband and wife perish in a common disaster and there is no available evidence with respect to survivorship, the administrator of the husband is entitled to the proceeds of insurance policies on his life, payable to his wife if living, and if not to his executors, administrators or assigns.

Where by the express terms of insurance policies both the insurance money and the loan and surrender values are payable in this State, this is the place of performance and the rights of the parties are governed by our laws.

SUBMISSION of a controversy as to the disposition of the proceeds of policies, etc., in the Equitable Life Assurance Society of the United States upon the life of Frank B. Tesson, deceased, upon an agreed statement of facts pursuant to section 1279 of he Code of Civil Procedure.

*Lewis G. Wallace* for McGowin, as administrator, etc., of Frank B. Tesson, deceased.

*William C. Armstrong,* for Menken, as administrator, etc., of Alice E. Tesson, deceased.

LAUGHLIN, J.:

The decedents were husband and wife. They were passengers on the *Lusitania,* and both perished when the steamer

was sunk in the Atlantic Ocean off the coast of Ireland on the 7th day of May, 1915. It is stipulated that there is no available evidence with respect to survivorship. The question submitted for decision is, which of the administrators is entitled to the proceeds of three policies on the life of the husband in the Equitable Life Assurance Society of the United States. The company brought an action of interpleader against the administrators in the Supreme Court in the county of New York; and pursuant to an order made and entered in that action on the 13th day of March, 1916, the proceeds of the policies, viz., $14,281.49, were deposited in the Equitable Trust Company, in the borough of Manhattan, to await the further order of the court, and the company was discharged from further liability to either party defendant.

The beneficiary provisions of the policies are the same. Each of the policies was printed, with a blank for the designation of a beneficiary followed by a printed provision for payment to "the Assured's executors, administrators or assigns; subject to the right of the Assured to change the beneficiary;" and it was provided in one of the policies that in the event that the assured should be living on a day specified, which was subsequent to the date of his death, the policy should be payable to him. Each policy contained provisions with respect to loan and surrender values and options, none of which was exercised. In the blank space for the designation of a beneficiary was written in, in each policy, the following: " to his wife Alice E. Tesson if living, if not, then to;" and then followed the printed provision already quoted. The applications for the policies were made at the company's office in Philadelphia, Penn., where it is recited in each policy the assured resided; but the applications were forwarded by the agent of the company in Philadelphia to the home office in New York city where they were examined and indorsed "approved;" and the policies were made out in the home office in New York city and forwarded to the agent in Philadelphia to whom the first premiums were paid and by whom the policies were there delivered to the husband. By an express provision on the face of each policy it was made payable at the office of the company in the city of New York.

The parties were married at St. Louis on the 28th of

August, 1895. Mrs. Tesson was a widow and had three sons by her former husband who at the time of her marriage to Mr. Tesson were twenty-one, eighteen and eight years old, respectively. Her three sons are without means. The youngest is a cripple and wholly unable to support himself. He is unmarried and Mr. Tesson supported him and gave him a small weekly allowance for spending money. Her other two sons are self-supporting. One is married and has six children, ranging from two to eighteen years of age, and four of them are girls. The next of kin of the husband are his mother, brother and two sisters, none of whom resided with or was dependent upon him for support.

It is stipulated that the common law of England raises no presumption of survivorship, or of simultaneous death, in the absence of all proof of the fact, where two persons perish in a common disaster, but that if a person dies possessed of personal property *prima facie* his *next of kin* are entitled thereto, and the burden of proof is upon one claiming against them; and, in the absence of evidence of survivorship, the fact is assumed to be unascertainable, and the property goes to the next of kin of the decedent as upon intestacy; and that the law of Pennsylvania raises no presumption of survivorship in the absence of all proof of the fact, where two persons die in a common disaster, and that the burden of proof as between claimants to his personal property is upon those asserting survivorship. The rule in this State is the same as that stipulated to be the rule in Pennsylvania and the common law of England. (See *Newell* v. *Nichols,* 75 N. Y. 78; *St. John* v. *Andrews Institute,* 117 App. Div. 698; affd., 191 N. Y. 254; *Dunn* v. *New Amsterdam Casualty Co.,* 141 App. Div. 478; *Matter of Fowles,* 176 id. 637. See, also, *Southwell* v. *Gray,* 35 Misc. Rep. 740.) The only reported decision in Pennsylvania declares the law of that Commonwealth to be as stipulated. (*Clymer's Estate,* 16 Wkly. Notes Cas. 36.)

If this controversy related to *personal property* of the husband there could be no doubt under the authorities that the burden would be on the administrator of the wife to show that she survived him, but it relates to moneys payable and paid by the insurance company pursuant to the terms of the

contract evidenced by the applications for the policies and by the policies. That distinction has given rise to a conflict between the decisions in different jurisdictions. In Missouri it was held in *United States Casualty Co.* v. *Kacer* (169 Mo. 301), involving the right to insurance moneys payable under a policy not materially different from those in the case at bar, that presumptively the designated beneficiary was entitled to take. This court, following *Hildenbrandt* v. *Ames* (27 Tex. Civ. App. 377) held, in *Dunn* v. *New Amsterdam Casualty Co.* (*supra*), the writer dissenting, that the burden was on those claiming under the designated beneficiary to show survivorship. If, therefore, the question is to be decided according to the law of this jurisdiction, *Dunn* v. *New Amsterdam Casualty Co.* (*supra*) establishes the right of the administrator of the husband to take.

By the express terms of the contracts of insurance both the insurance money and the loan and surrender values were payable in this State. This State, therefore, being the place of performance, its law governs the *rights* of the parties. (*Hyde* v. *Goodnow*, 3 N. Y. 266; *Washington Central Bank* v. *Hume*, 128 U. S. 195; *Wayman* v. *Southard*, 10 Wheat. 48; *Miller* v. *Campbell*, 140 N. Y. 457. See, also, *Napier* v. *Bankers' Life Ins. Co.*, 51 Misc. Rep. 283.) But if the contracts of insurance are to be construed according to the law of Pennsylvania, inasmuch as there is no decision in that jurisdiction precisely in point, I think we should follow *Dunn* v. *New Amsterdam Casualty Co.* (*supra*).

The learned counsel for the administrator of the wife contends that on the facts stated it is fairly to be inferred that the husband intended that in the event of the death of himself and his wife in a common disaster her next of kin should take in preference to his, and he draws attention to statements argumentatively made in *Dunn* v. *New Amsterdam Casualty Co.* (*supra*), with respect to the probable intention of the assured and argues that they were controlling factors in the decision therein made. An examination of the opinion will disclose that the phraseology of the contract was the controlling consideration in construing it.

It follows, therefore, that the administrator of Frank B.

Tesson, deceased, is entitled to judgment for said fund, together with interest and costs in accordance with the stipulation.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Judgment ordered for administrator of Frank B. Tesson, deceased, with interest and costs.   Order to be settled on notice.