EARL F. COPP, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, New York County, November 23, 1934.

ACTION to compel insurer to reinstate policy of life insurance.

*Leo Levy*, for the plaintiff.

*Louis H. Cooke*, for the defendant.

COHN, J. Plaintiff brings this action to compel the defendant to reinstate a policy of life insurance in the sum of $37,500 upon the life of one Leopold R. Reich. The policy was originally assigned by the insured to one Sidney Ash, and thereafter and on May 2, 1932, by the latter to the plaintiff. The policy lapsed for non-payment of a quarterly premium of $481.88, due on July 17, 1932.

It appears that Sidney Ash, the plaintiff's assignor, had undertaken to pay the premium due on that date by check, which was returned unpaid for insufficiency of funds. No further payment was offered during the period of grace. After this lapse of the policy, evidence of the insurability of Reich was not forthcoming. Concededly the defendant had mailed to the plaintiff a notice of the due date of the premium payment, but had erroneously directed the letter containing it to " Earl Kopp," Waterbury, Conn. The plaintiff, whose correct name is Earl F. Copp, and whose correct address, admittedly on file with the defendant, was Porter Hill, Middlebury, Conn., never received the notice.

If the transmission of a notice to the plaintiff (the assignee, who does not reside in the State of New York) for the payment of a premium in advance of its due date is required by statute, the forfeiture of the policy within one year from the date of failure to pay such premium would be improper and plaintiff would be entitled to the relief he seeks. Moreover, if the notice is required by the terms of the contract of insurance, there can be no lapse unless its provisions have been complied with. A careful scrutiny of the language of the insurance contract discloses no provision which obligates the defendant company to give to the plaintiff, an assignee, any notice of a premium payment before its due date. Nor is there any obligation by law imposed upon a life insurance corporation doing business in this State to send this notice to a non-resident assignee. The statute (Insurance Law, § 92, as amd. by Laws of 1918, chap. 130) requires the mailing of such a premium notice to the insured or the assignee of the policy at his last known post-office address *in this State*, but not otherwise. (*Napier* v. *Bankers' Life Insurance Co.*, 51 Misc. 283; *McCampbell* v. *New York Life Insurance Co., Inc.*, 288 Fed. 465, at p. 470;

*Metropolitan Life Insurance Co.* v. *Bradley,* 98 Tex. 230, 232–236; 82 S. W. 1031; *Mutual Life Insurance Co. of N. Y.* v. *Cohen,* 179 U. S. 262.)

The defendant insurance company was required neither by law nor by the terms of the contract of insurance to notify the plaintiff, a resident of the State of Connecticut, of the due date of the premium payments. Failure to pay such premium has accordingly caused a lapse of the policy subject to reinstatement only as provided in the contract.

Parenthetically, it may be noted that upon the lapse of this policy, the indebtedness thereon, which was practically equivalent to its entire cash value, rendered the policy almost worthless. The small balance in reserve left, after deducting the amount of the loan against the policy together with interest, was sufficient only to carry the insurance for a period of ninety-two days from the date of the premium default.

The plaintiff has failed to prove a cause of action and the defendant is entitled to judgment dismissing the complaint on the merits.

Settle findings accordingly.