JEAN D. KAMPF, PLAINTIFF, v. THE FRANKLIN LIFE INSURANCE COMPANY, SPRINGFIELD, ILLINOIS, A CORPORATION OF THE STATE OF ILLINOIS, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided June 5, 1959.

*Mr. Max Klayman,* attorney for plaintiff.

*Messrs. McCarter & English,* attorneys for defendant.

COLIE, J. S. C.   This matter is before the court for determination on cross-motions of plaintiff and defendant, which cross-motions present the question of whether or not the death of the insured on April 22, 1958 was within the 31-day grace period for the payment of premiums.   Stated

another way, the primary question is whether or not the policy had lapsed on April 22, 1958, the date the insured died.

Franklin Life Insurance Company insured the life of Morton Kampf for 20 years, with a provision for payment of $100 monthly income to the named beneficiary. The application for insurance was made on September 5, 1956, and the description of the policy therein read: "a. Plan of Policy Home Protector—20." It provided that premiums were to be paid quarterly. At the bottom of the application (Part 1) it read:

"IT IS HEREBY AGREED: * * * (2) that any policy issued hereon shall not take effect unless and until the policy has been delivered to the undersigned and the first premium paid during the lifetime and good health of the Proposed Insured (except as provided in the Receipt bearing the same number and date as this application if the entire first premium has been paid and acknowledged above and such receipt issued) in which event such policy shall be deemed effective as of the beginning of the first policy year as shown on such policy; * * *."

The first premium was paid and the policy delivered to the insured on September 24, 1956. The policy, in part and so far as pertinent to the issue here presented, reads as follows:

"CONSIDERATION: The insurance is granted in consideration of the application herefor and of the payment in advance of the premiums as herein provided. The first premium in the amount specified on the first page, is payable at the beginning of the first policy year and subsequent premiums are payable on the anniversary of said date in every year thereafter until premiums have been paid for the period specified on the first page.

PREMIUMS: This Policy is based upon the payment of premiums annually in advance but premiums for the first and subsequent policy years may be paid semi-annually or quarterly in advance or, at the option of the Company, they may be paid monthly in advance. Each semi-annual, quarterly or monthly premium shall be in accordance with the rates in use by the Company at date of issue hereof. * * * Failure to pay any premium when due shall cause this Policy to cease and determine except as herein otherwise provided, and all payments made hereon shall remain the property of the Company.

GRACE PERIOD: A grace period of thirty-one days, without interest charge, will be allowed for the payment of every premium

after the first, during which· period this Policy shall remain in force. If death occurs within the grace period, the premium, if unpaid, will be deducted from the amount payable hereunder.

ENTIRE CONTRACT : This Policy and the application therefor, a copy of which is hereto attached and made a part hereof, constitute the entire contract between the parties. * * *"

The face of the policy reads:

"Premiums Payable during 20 years or until prior death of the Insured
First Policy Year Begins September 21, 1956
Expiry Date September 21, 1976

and below that the face of the policy reads:

"This Policy is issued and accepted subject to all the conditions, benefits and privileges set forth on the subsequent pages hereof, which are hereby made a part of this contract.
20 Year Reducing Term Insurance—Non-Participating
Monthly Income Payable from Death of Insured until Expiry Date
Premiums Payable for 20 Years or until Prior Death of Insured."

The first premium was paid and the policy delivered to the insured on September 24, 1956. Thereafter, the quarterly payments were paid by the insured, his last check being dated December 31, 1957. On April 22, 1958 the insured died. In May 1958 the company received at its home office a check from the father of the plaintiff to its order for $18.30, dated April 19, 1958. The envelope containing the check was dated May 1, 1958. The defendant company returned the check to the plaintiff May 6, 1958.

Defendant contends that the grace period had expired on April 21, 1958, and asserts that the 31-day grace period is to be computed from March 21, 1958; whereas the plaintiff contends that the grace period is to be computed from March 24, 1958.

The question for decision is novel in this State, and in other jurisdictions there is a conflict of opinion. See 44 A. L. R. 2d 472. On the one hand, a number of courts have held that under life insurance contracts providing a specific

date (usually the date of "issuance") from which the period of coverage shall be calculated and upon the anniversary of which subsequent premiums will be due, but also stipulating that the insurer shall not be liable until the occurrence of some later validating act (usually the delivery of the policy and payment of the first premium), the courts in a majority of the cases have held that the policy provision as to the premium due date should be given controlling effect in determining whether the insured was covered at the time of his death. On the other hand, the minority of courts hold that where a life insurance contract which stipulates a date from which the policy shall be effective and from which premium periods shall be calculated also provides that the insurer shall not be liable until the date of some later validating event, such as the delivery of the policy and the payment of the first premium, an ambiguity arises which, in the absence of circumstances requiring a different result, will be resolved in favor of the insured, so that in determining the date when a policy lapses for non-payment of premiums, the premium period will be calculated from the date when the coverage actually became effective, rather than from the earlier date mentioned in the policy.

In determining the questions here presented, certain principles must be constantly borne in mind. The primary one is that the insurance company may impose whatever conditions it chooses on its applications, not inconsistent with public policy, and the courts may neither add thereto nor detract therefrom. *Schneider v. New Amsterdam Casualty Co.*, 22 *N. J. Super.* 238 (*App. Div.* 1952). Where the language in an insurance contract is clear, the court is bound to enforce the contract in accordance with its terms, and the court may not make a better contract for the parties than they entered into nor alter it for the benefit of one to the detriment of the other. *James v. Federal Ins. Co.*, 5 *N. J.* 21 (1950); and it is only when the contract contains ambiguous language that the court will construe the contract against the party that drew it. *Smith*

*v. Metropolitan Life Ins. Co., 29 N. J. Super.* 478 (*App. Div.* 1954).

■■ With these principles in mind, the first step is to determine whether there is ambiguity in the policy. The application indicated that the insured desired the Home Protector-20 policy, and that the policy would not take effect unless and until it had been delivered and the first premium paid. The policy itself recited on the back and in the body thereof that the first policy year commenced September 21, 1956, and that it was "20 Year Reducing Term Insurance." The same language appears in the policy itself. The policy provided that the first premium is payable at the beginning of the first policy year; that the policy and the application therefor constitute the entire contract. The insured applied for a 20-year reducing term insurance which, by the language of the application, was not to become effective until delivery of the policy and payment of the first premium, *i. e.,* September 24, 1956, whereas the policy was dated and recited on its face that the first policy year began September 21, 1956. The line of cases exemplified by *Pladwell v. Travelers Ins. Co.,* 134 *Misc.* 205, 234 *N. Y. S.* 287 (*Sup. Ct.* 1928), and *McCampbell v. New York Life Ins. Co.,* 288 *F.* 465 (*C. C. A.* 5 1923), rehearing denied, hold that there is no ambiguity arising from the date stated in the policy being different from the date when the policy became effective by reason of delivery and payment of premium, and the rationale behind that line of cases is derived from the thought that "the time when a premium is due should be definite, and that cannot be if the date upon which the first premium was in fact paid should fix the dates upon which subsequent premiums should be paid. Therefore, the date mentioned in the policy for the payment of premiums governs. The date when the first premium was paid, which is almost always uncertain, and in most instances impossible of ascertainment, is immaterial." This reasoning appears specious. It is also said that while the policy became effective only after delivery and payment of the first premium, yet when that

event took place the policy became effective at some earlier date which the insurer had, unilaterally and arbitrarily, fixed. No court has explained how this legerdemain is legally accomplished, nor can this court work out any legal or equitable grounds for such a holding. In advance of the payment of the first premium, of course the date when it will be paid is uncertain, but once delivered and payment made, the uncertainty disappears.

The contrary view is that there arises an ambiguity between the date when the first policy year begins as stated in the policy and the provision in the application that the policy does not become effective until delivery thereof and payment of the first premium. This line of cases is predicated upon the thought that the mere dating of the policy prior to its effective date is not sufficient to alter the explicit provision in the application that the policy is to take effect at a later date. In *Lentin v. Continental Assurance Co.,* 412 *Ill.* 158, 105 *N. E.* 2d 735, 44 *A. L. R.* 2d 463 (*App. Ct.* 1951), the court found that there was ambiguity which called for construction by the court and pointed out that to hold that the coverage commenced before the delivery of the policy would result in the insured's paying for insurance for a period during which the insurance company was not liable to him and in which he had no insurance, and that such a holding would result in giving the insured something substantially less than what his express agreement with the company called for.

There is an obvious inconsistency between the statement that the term commenced on September 21 and ran for 20 years therefrom and the statement that the effective date was the date of delivery and payment of the first premium which concededly took place on September 24, 1956. Some courts have held that this failure of the insured to get all that he contracted for is not material, but since the ambiguity arises from the language chosen by the insurer, it must, in accordance with well-established principles of insurance law, be construed against it.

In *Vance on Insurance* (2d ed. 1930), 285, that writer says:

"An interesting and important question concerning forfeiture of policies for non-payment of premiums has arisen out of the practice of insurers to date policies issued as of the same date with the application, which is also made the date for the payment of the recurring annual premiums, while the policy does not in fact take effect as a contract until delivery and payment of the first premium at a somewhat later date. *The result is an inconsistency between the several terms of the contract."* (Emphasis supplied.)

In 14 *Appleman Insurance Law and Practice* (1944), sec. 7953, that writer, after stating the rule that the date of the policy as inserted by the company is controlling as to the due date of premiums, then went on to state:

"It has been stated that the anniversary of the policy is upon the date of its delivery to the insured, especially where the policy did not become effective until delivery to the insured during his lifetime in good health. Under this rule, which is in many respects a more liberal rule than the one previously discussed, it has been held that the anniversary of the effective date, usually the date of delivery, prevails over an earlier date set forth in the policy."

Mr. Appleman does not, so far as the court could ascertain, express his opinion as to which of the two rules is the more sound unless such approval may be spelled out of his comment that the rule above cited is "a more liberal rule."

The more liberal rule should be called into play in order to avoid the forfeiture which the Court of Chancery seeks to avoid, and to do so is also in accordance with the "almost unanimous holding of all courts that insurance contracts must be liberally construed in favor of a policyholder or beneficiary thereof, wherever possible, and strictly construed against the insurer in order to afford the protection which the insured was endeavoring to secure when he applied for the insurance." *Appleman, sec.* 7401. *Schneider v. New Amsterdam Casualty Co., supra.*

The court finds that the policy was in force upon the date of the insured's death and that judgment should be entered in favor of plaintiff in accordance herewith.