Mrs. M. M. Kennedy *et al. v.* Columbian Casualty Company.

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

John Hallberg and Joe V. Williams, for plaintiff in error.

Joe Frassrand, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a suit under the Workmen's Compensation Statute (chapter 123 of the Acts of 1919) by the widow of Herschel Kennedy for the benefit of herself and her

minor children. The employer's insurer, Columbian Casualty Company, and the employer, J. J. Bryan, were made defendants. The suit was dismissed before trial by the petitioner as to Columbian Casualty Company, it appearing that the policy was issued by that company after the accident in which Kennedy lost his life. Upon the hearing, the court below dismissed the suit as to Bryan and Mrs. Kennedy has appealed in error to this court.

The employer, Bryan, operated a dry cleaning establishment in Chattanooga and the deceased employee, Kennedy, was engaged to drive a truck. Kennedy's duties involved calling for garments with the truck and delivering them after they had been cleaned. He was also expected to solicit business.

In crossing a bridge, known as the Walnut Street bridge and leading to North Chattanooga, the truck driven by Kennedy skidded, broke through the bridge railing and fell to the ground some thirty feet below, whereby Kennedy received injuries from which he died in a day or two.

Upon the trial of the case Bryan testified that Kennedy, while instructed to drive the truck around the city proper collecting and delivering goods and soliciting business, had been ordered not to make trips to suburbs, such as North Chattanooga, without special directions from his employer. Mrs. Bryan corroborated the testimony of her husband in this respect.

At the time of the accident Bryan was operating only one truck. Previously he had operated two trucks and a witness who had driven the other truck testified that Bryan's drivers habitually made trips to the suburbs on business connected with the dry cleaning establishment. A sheet from a book in which Kennedy wrote the names

and addresses of persons on whom he was to call in the performance of his duties was introduced and the name of one man with a North Chattanooga address was on that sheet. There was some proof indicating that Kennedy had made at least two trips to North Chattanooga before the accident, in connection with Bryan's business.

The court below found "that the decedent Kennedy was not in the line of his duty when he was injured, and that he was acting without the scope of his duties, and that he crossed the bridge over the Tennessee River at the moment he was injured contrary to the express orders of the defendant master."

Bryan testified that he visited Kennedy while the latter was in the hospital after the accident and that Kennedy said, "Mr. Bryan, I am sorry this has happened. I ruined your truck. Is the truck hurt bad? I had no business over there, but I was over there anyway, and if I ever get up I will try to make it right with you."

Exception was taken to the admission of this evidence but the exception was overruled. This action of the trial judge is assigned for error in this court and we think this assignment must be sustained.

The law writes into a contract of employment an obligation upon the employer to insure the employee against death by accidental injury for the benefit of the dependents of the employee. The right of the dependents to the benefits of this insurance is vested, at least to the extent that the employee cannot dispose of such benefits, so as to deprive the dependents thereof.

In case of an ordinary life insurance policy, where the beneficiary is some other than the insured, and no power to change the beneficiary is reserved to the insured, the interest of the beneficiary vests at the time

the contract of insurance is completed and cannot be affected by subsequent acts or declarations of the insured. It is, therefore, settled that in litigation between the beneficiary of the policy and the insurance company proof as to declarations of the insured after the policy has been issued will not be admitted. Such declarations are not admissions against interest for the insured is without interest under such policy. Proof of such declaration, not part of the *res gestae,* is merely hearsay evidence. *Insurance Co.* v. *Booker,* 56 Tenn. (9 Heisk.), 606; *Insurance Co.* v. *Morris,* 71 Tenn. (3 Lea), 101.

It is otherwise if the insured retains control of the policy and the right to change the beneficiary. Then he is the real party in interest. *Life Association* v. *Winn,* 96 Tenn., 224.

The analogy between the nature of the declarations admitted herein and the declarations excluded in the cases just cited seems perfect and upon the authority of those cases we hold the declarations of Kennedy offered by Bryan should not have been considered.

With these declarations out of the record, there is nothing reflecting upon the object of Kennedy's trip to North Chattanooga.

There is no suggestion that he was going on any personal mission. Having been killed in the vehicle which he was employed to drive, there might be an inference that his death arose out of and in the course of his employment under *Shockley* v. *Produce & Ice Co.,* 158 Tenn., 148.

And under *Kingsport Foundry & Machine Works, Inc.,* v. *Sheffey,* 156 Tenn., 150, it is not every disobedience of orders which constitutes wilful misconduct barring compensation under section 10, chapter 123, Acts of 1919.

The case below was not so fully developed as we think it might have been. The finding of the trial judge must have been largely influenced by the evidence which we have held incompetent. We should like a finding herein by the lower court upon competent testimony. We dislike to undertake an original finding without the benefit of having the witnesses before us.

For the error indicated, the case will be reversed and remanded for a new trial. Plaintiff in error will pay the costs of this court and the costs below will await final judgment.